Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEA VIZCARRA, individually and on behalf of all others similarly situated, | Case No. 5:23-cv-468 |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MICHAELS STORES, INC., | |
| *Defendant*. | |

**Table of Contents**

I.      Introduction ................................................................................................. 1

II.     Parties ......................................................................................................... 2

III.    Jurisdiction and Venue. .............................................................................. 2

IV.     Facts. ........................................................................................................... 3

        A.      Michaels' fake sales and discounts. ............................................... 3

        B.      Michaels' advertisements violate California law. ........................... 7

        C.      Michaels' advertisements harm consumers. ................................... 8

        D.      Michaels knows that it should not mislead customers. ................... 9

        E.      Plaintiff was misled by Defendant's misrepresentations. ............... 9

        F.      Michaels breached its contract. ..................................................... 10

IV.     Class action allegations. ........................................................................... 11

V.      Claims. ...................................................................................................... 12

VI.     Relief. ........................................................................................................ 22

# I.    Introduction

1.      Consumers like sales.  Consumers are more likely to purchase an item if they know they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.      While there is nothing wrong with a legitimate sale, a fake one – that is, one with made up regular prices, made up discounts, and made-up expirations – is deceptive and illegal.

3.      As the Federal Trade Commission advises in its *Guides Against Deceptive Pricing*, it is deceptive to make up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1.

4.      So, these sales violate California's general prohibition on unfair and deceptive business practices.  See Cal. Bus. & Prof. Code § 17200.

5.      Moreover, California's False Advertising Law specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." E.g., Cal. Civ. Code § 1770(a)(13).

6.      Likewise, California's Consumer Legal Remedies Act provides, "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code §17501.

7.      Defendant Michaels Stores sells and markets arts, crafts, and other decor products online and in-store ("Michaels Products" or "Products"). The Products are sold online through Defendant's website, www.michaels.com, and in Defendant's stores.

8.      Michaels prominently advertises sales.  The advertisements include purported regular prices and purported discounts.  For example:

Michaels' sales:

Purported regular prices and associated discounts:



9.       But these advertisements are false.  The sale is not limited in time, and the discounts continue to be available.

10.      Ms. Vizcarra bought multiple items from Michaels.  Like Michaels' other customers, when Ms. Vizcarra bought Michaels Products, Michaels advertised that a purported sale was going on.  Ms. Vizcarra believed that the Michaels Products that she purchased retailed for the displayed regular price, and that she was receiving a substantial, limited-time discount.  These reasonable beliefs are what caused her to buy from Michaels when she did.  If the products she purchased weren't on sale, she would not have bought them and would have instead comparison shopped.

11.      But none of that was true.  Michaels' published regular prices were not the prevailing regular prices.  Had Michaels been truthful, Plaintiff and other consumers would not have purchased the products or would have paid less for them.

12.      Plaintiff brings this case for herself and the other customers who purchased Michaels Products.

## II.      Parties

13.      Plaintiff Nea Vizcarra is domiciled in Salinas, California.

14.      The proposed class includes citizens of every state.

15.      Defendant Michaels Stores, Inc. is a Delaware corporation with its principal place of business at 3939 W. John Carpenter Freeway, Irving, Texas 75063.

## III.     Jurisdiction and Venue.

16.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

17.    The Court has personal jurisdiction over Defendant because Defendant sold Michaels Products to consumers in California, including to Plaintiff.

18.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Michaels' products to consumers in this District, including Plaintiff. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

19.    <u>Divisional Assignment</u>.  This case should be assigned to the San Jose division. *See* L.R. 3-2(c). A substantial part of the events giving rise to the claims occurred in Salinas, California.

## IV.    Facts.

### A.    Michaels' fake sales and discounts.

20.    Defendant Michaels Stores manufacturers, distributes, markets and sells arts, crafts, and other decor products.  Michaels sells its products directly to consumers online and in-store.  The Products are sold online through Defendant's website, www.michaels.com, and in Defendant's stores nationwide.

21.    Michaels creates an illusion that customers are receiving a limited-time offer. Michaels does this by advertising fake limited-time sales, fake regular prices, and fake discounts.  For example:

Michaels' fake sales:



Captured November 11, 2022

22.     Michaels' products are always on sale, and these sales have persisted over a year, never ending.  For example, Michaels has prominently displayed, for over a year, at the top of its website, sales that are designed to induce consumers to purchase their products under the mistaken belief they are getting a significant bargain.  For example:



Captured January 15, 2022



Captured May 26, 2022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Captured October 17, 2022

23.     These discounts appear to be only for a limited time, but in reality, they are ongoing. For example, as depicted below, even after the "20% off" discount said to be "valid through March 24, 2022" expires, Michaels generates the same discount again, except with a new "valid through" date.



Captured March 4, 2022

Class Action Complaint                          5                          Case No.



Captured March 25, 2022

Fake regular prices and fake discounts:

24.     Michaels' lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

25.     For example, on November 7, 2022, Michaels advertised discounted prices on a number of its products. As part of this discount, Michaels offered its Bernat Blanket Yarn, which has a purported regular price of $12.99:



26.    But the truth is, the Bernat Blanket Yarn's listed regular price of $12.99 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $12.99 (e.g., on November 7, 2022 it was priced at $9.09, on January 9, 2023 it again was priced at $9.09, and on January 27, 2023 it was again on sale), and the customer is not receiving the advertised discount by buying during the purported sale.

27.    As another example, on November 4, 2022, Michaels advertised a 20% off discount on its 2 Pack Value Pack Canvas by Artist's Loft Necessities 9"x12", which has a purported regular price of $7.99:



28.    But in reality, the 2 Pack Value Pack Canvas by Artist's Loft Necessities listed regular price of $7.99 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $7.99 (e.g., on November 4, 2022 it was priced at 20% off $7.99, on January 9, 2023 it was priced at 20% off $7.99, and on January 27, 2023 it was again priced at 20% off $7.99).

29.    By listing fake regular prices and fake discounts, Michaels misleads consumers into believing that they are getting a good deal.

**B.    Michaels' advertisements violate California law.**

30.    As the Federal Trade Commission states in its *Guides Against Deceptive Pricing*, "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the 'bargain' being advertised is a false one." 16 C.F.R. § 233.1.

31.    Advertising such false "bargains" is false, misleading, and unfair.  Accordingly, it violates California's Unfair Competition law, which bans "unlawful, unfair or fraudulent" business acts and practices.  *See* Cal. Bus. & Prof. Code § 17200.

32.    In addition, California's Consumer Legal Remedies Act, specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions."  Cal. Civ. Code §1770(1)(13).  Michaels' advertisements make false statements regarding the reasons for the sale (e.g., advertising a seasonal "Valentine's Day Sale," when in fact the sale is ongoing), the existence of the sale, and the amounts of price reductions.

33.     Further, under California law, "No price shall be advertised as a former price …
unless the alleged former price was the prevailing market price … within three months next
immediately preceding."  Cal. Bus. & Prof. Code §17501.  As described in detail above, Michaels
advertises its products using former prices that were not the prevailing market prices within the
preceding three months.

34.     So, not only are Michaels' business practices generally deceptive and fraudulent and
therefore banned—they are also specifically prohibited by statute.

**C.      Michaels' advertisements harm consumers.**

35.     Based on Michaels' advertisements, reasonable consumers would expect that the listed
regular prices are the prevailing prices at which Michaels actually sells its products.

36.     Reasonable consumers would also expect that, if they purchase during the sale, they
will receive the advertised discount from the regular purchase price.

37.     In addition, consumers are more likely to buy the product if they believe that the
product is on sale and that they are getting a substantial discount.

38.     Consumers that are presented with discounts are substantially more likely to make the
purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often
closes the deal, if they are wavering or are undecided on making a purchase."[1]  And, "two-thirds of
consumers have made a purchase they weren't originally planning to make solely based on finding a
coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time
purchase with a brand that is new to them if they found an offer or discount." [2]

39.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency
makes them more likely to buy a product. [3]

40.     Thus, Michaels' advertisements harm consumers by inducing them to make purchases
based on false information.

---

[1] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online,
Especially Among Millennial Buyers (prnewswire.com).
[3] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion
rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black
Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown
timer).

**D.    Michaels knows that it should not mislead customers.**

41.    Michaels is aware that the representations that it makes to consumers must be truthful. It further knows that, when it advertises a discount, those discounts must be real, not fake.

42.    Michaels knows this because it has previously gotten into trouble with New York State for doing just that.  In 2011, Michaels "agreed to enter a $1.8 million settlement for engaging in deceptive advertising practices by misleading consumers into thinking they were receiving steep discounts over a two-year period."[4]

43.    As New York's Attorney General stated, "For years, Michaels duped consumers into thinking they were receiving huge discounts, when in fact, they were simply paying the regular store price…Through deceptive advertising practices, this company violated the law and took advantage of hardworking consumers trying to save money."[5]  As part of the settlement, Michaels agreed to pay $800,000 in civil penalties to the State of New York.

44.    Despite these charges and penalties, Michaels has continued its practice of misleading consumers into believing they are receiving discounts, when in fact they are simply playing the prevailing price.

**E.    Plaintiff was misled by Defendant's misrepresentations.**

45.    On January 19, 2023, Ms. Vizcarra purchased the "Siser EasyPSV Permanent Glitter," "Mini Basketball Stickers by Recollections," "Fine Tip Permanent Marker Set by Artist's Loft in Metallic Gold," "B2C Poster Letter," and "Flower Truck Doormat by Ashland." She purchased these items from a Michaels' store in Salinas, California.  Michaels represented that Ms. Vizcarra was receiving a substantial discount for the items that she purchased.  Her receipt states that the combined regular price of all five items she purchased was $38.25 plus tax, and that she was receiving a discount of around $11.65 for the five items.

46.    On November 28, 2022, Ms. Vizcarra purchased multiple varieties of the "Acrylic Paint by Craft Smart, 2 oz.," the "Academy Acrylics, 10 Color Set," the "Royal & Langnickel Essential Brush Set," multiple varieties of the "Artist's Loft Firenze Filbert Brush," the "Royal &

---

[4] https://ag.ny.gov/press-release/2011/ag-schneiderman-secures-18-million-michaels-stores-misleading-consumers
[5] *Id.*

Langnickel Jumbo Soft Flat Paintbrush," and the "Golden Taklon Short Handle Flat Wash Brush by Artist's Loft."  Ms. Vizcarra's purchased these items from the Michaels' website, michaels.com, while living in Salinas, California.  Michaels represented that Ms. Vizcarra was receiving a substantial discount for the items that she ordered.  Michaels sent Ms. Vizcarra an email stating that that the combined regular price for the items she purchased was $157.87 plus tax.  Her "Order Details" further show that she paid $94.67 plus tax, and was thus receiving a total discount of $63.20 for the items.

47.     Ms. Vizcarra read and relied on the representations on the website and in-store that the products had the published regular price, and that she was receiving the advertised discount as compared to the regular price.  She would not have made these purchases if she had known that the products were not discounted as advertised, and that she was not receiving the advertised discount.

**F.     Michaels breached its contract.**

48.     When Ms. Vizcarra purchased and paid for the Michaels Products she bought as described above, she accepted offers that Michaels made, and thus, a contract was formed each time that she made a purchase.

49.     For example, for the January 19, 2023 purchase, Michaels' offer was to provide items having a combined market value of $38.25 plus tax, for a discounted price of $26.60; and to provide a discount of $11.65.

50.     As another example, for the November 28, 2022 purchase, Michaels' offer was to provide items having a combined market value of $157.87 plus tax, for a discounted price of $94.67; and to provide a discount of $63.20.

51.     Michaels and Ms. Vizcarra entered contracts.

52.      For the November 2022 purchase, Michaels' website and email confirmations list the market value of the items that Michaels promised to provide.  Michaels agreed to provide a discount equal to the difference between the regular prices listed by Michaels, and the prices paid by Ms. Vizcarra.

53.     For the January 2023 purchase, Ms. Vizcarra's receipt lists the market value of the items that Michaels promised to provide. In addition, Michaels agreed to provide the discount listed on Ms. Vizcarra's receipts.

54.     The market value of the items Ms. Vizcarra would receive, and the amount of the discount she would be provided off the regular price of those items, were specific and material terms of the contract.

55.     Michaels breached its contracts by failing to provide Ms. Vizcarra with products that have a market value equal to the regular price displayed, and by failing to provide the discount promised.

## IV.     Class action allegations.

56.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- Nationwide Class: all persons who, within the applicable statute of limitations period, purchased one or more Michaels Products advertised at a discount on Defendant's website or store.

- California Subclass: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Michaels Products advertised at a discount on Defendant's website or store.

57.     The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity & Ascertainability*

58.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

59.     Class members can be identified through Defendant's sales records and public notice.

***Predominance of Common Questions***

60.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

***Typicality & Adequacy***

61.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Michaels Products advertised at a discount from Michaels.  There are no conflicts of interest between Plaintiff and the class.

***Superiority***

62.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**V.     Claims.**

<u>**First Cause of Action:**</u>

**Violation of California's False Advertising Law Bus. & Prof. Code §§17501 et. seq.**

**(By Plaintiff and the California Subclass)**

63.     Plaintiff incorporates each and every factual allegation set forth above.

64.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

65.     Defendant has violated Section 17501 of the Business and Professions Code.

66.     As alleged more fully above, Defendant advertises former prices along with discounts. Defendant does this, for example, by crossing out a higher price (e.g., ~~$37.99~~) or displaying a

discount price next to the "regular" price.  Defendant also does this, for example, by displaying regular prices alongside discounts, for example, using a percentage discount such as "20% off regular price purchases with code 22MADEBYYOU."

67.    The former prices advertised by Defendant were not the prevailing market prices for the products within three months preceding publication of the advertisement.

68.    Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements do not indicate whether or when the purported former prices were offered at all.

69.    Defendant violated, and continues to violate, Section 17501 to induce Plaintiff and the subclass to make purchases based on the advertised former prices.

70.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Michaels Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

71.    In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Michaels Products.

72.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

73.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Michaels Products if they had known the truth, and/or (b) they overpaid for the Products because the Michaels Products were sold at a price premium due to the misrepresentation.

### Second Cause of Action:

### Violation of California's False Advertising Law, Bus. & Prof. Code §§17500 et. seq.

### (by Plaintiff and the California Subclass)

74.    Plaintiff incorporates each and every factual allegation set forth above.

75.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

76. Defendant has violated Section 17500 of the Business and Professions Code.

77. As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.

78. Defendant did this by advertising false regular prices and false discounts regarding its products.

79. Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

80. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Michaels Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

81. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Michaels Products.

82. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

83. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Michaels Products if they had known the truth, and/or (b) they overpaid for the Products because the Michaels Products were sold at a price premium due to the misrepresentation.

### Third Cause of Action:

### Violation of California's Consumer Legal Remedies Act

### (by Plaintiff and the California Subclass)

84. Plaintiff incorporates each and every factual allegation set forth above.

85. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

86. Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

Class Action Complaint                              14                              Case No.

87.     Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

88.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

89.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to class members.  Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and advertising fake discounts.

90.     Defendant violated, and continues to violate, Section 1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions.  Defendant has violated Section 1770(a)(13) by (1) misrepresenting the regular price of products, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available.

91.     Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that products offered for sale have characteristics or benefits that they do not have.  Defendant represents that the value of its products is greater than it actually is by advertising inflated regular prices and fake discounts for products.

92.     Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising its products as being offered at a discount, when in fact Defendant does not intend to sell the products at a discount.

93.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

94.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Michaels Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

95.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Michaels Products.

96.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

97.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Michaels Products if they had known the discounts and/or regular prices were not real, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

98.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Ms. Vizcarra, on behalf of herself and all other members of the subclass, seeks injunctive relief.

99.     CLRA § 1782 NOTICE.  On January 25, 2023, a CLRA demand letter was sent to Defendant's California registered agent via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

100.    A CLRA venue declaration is attached.

**Fourth Cause of Action:**

**Violation of California's Unfair Competition Law**

**(by Plaintiff and the California Subclass)**

101.    Plaintiff incorporates each and every factual allegation set forth above.

102.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

103.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong*

104.    Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.

*The Deceptive Prong*

105.    As alleged in detail above, Defendant's representations that its products were on sale, that the sale was limited in time, that the products had a specific regular price, and that the customers were receiving discounts were false and misleading.

106.    Defendant's representations were misleading to Plaintiff and other reasonable consumers.

107.    Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

*The Unfair Prong*

108.    As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its products were on sale, that the sale was limited in time, that the products had a specific regular price, and that the customers were receiving discounts.

109.    Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

110.    The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct.  There is no public utility to misrepresenting the price of a consumer product.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

111.    Plaintiff and the subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

112.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

\* \* \*

113.    For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Michaels Products.  Defendant's representations were a substantial factor in Plaintiff's purchase decision.

114.    In addition, class-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Michaels Products.

115.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass members.

116.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Michaels Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products are sold at the regular price and not at a discount.

### Fifth Cause of Action:

### Breach of Contract

### (by Plaintiff and the Nationwide Class)

117.    Plaintiff incorporates each and every factual allegation set forth above.

118.    Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the California Subclass.

119.    Plaintiff and class members entered into contracts with Michaels when they placed orders to purchase products on Michaels' website and made purchases in-store.

120.    The contracts provided that Plaintiff and class members would pay Michaels for the products purchased.

121.    The contracts further required that Michaels provide Plaintiff and class members with products that have a market value equal to the regular prices displayed on the website and in-store. They also required that Michaels provide Plaintiff and class members with a discount equal to the difference between the price paid, and the regular prices advertised. These were specific and material terms of the contract.

122.    The specific discounts were a specific and material term of each contract.

123.    Plaintiff and class members paid Michaels for the products they purchased, and satisfied all other conditions of their contracts.

124.    Michaels breached its contracts with Plaintiff and class members by failing to provide products that had a prevailing market value equal to the regular price displayed on its website and in-store, and by failing to provide the promised discount.  Michaels did not provide the discount that it had promised.

125.    As a direct and proximate result of Michaels' breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial**.**

<u>**Sixth Cause of Action:**</u>

**Breach of Express Warranty**

**(by Plaintiff and the California Subclass)**

126.    Plaintiff incorporates each and every factual allegation set forth above.

127.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

128.    Defendant, as the designer, manufacturer, marketer, distributor, supplier, and/or seller of the Michaels Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Michaels' website and in-store. This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

129.    This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

130.    In fact, the Michaels Products' stated market value was not the prevailing market value.  Thus, the warranty was breached.

131.    Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on January 25, 2023.

132.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have

1 | purchased Michaels Products if they had known that the warranty was false, or (b) they overpaid for
2 | the Products because the Products are sold at a price premium due to the warranty.

3 | **Seventh Cause of Action:**

4 | **Breach of Implied Warranty**

5 | **(by Plaintiff and the California Subclass)**

6 | 133.   Plaintiff incorporates each and every factual allegation set forth above.

7 | 134.   Plaintiff brings this count individually and for the California Subclass.

8 | 135.   As described in greater detail above, Defendant impliedly warranted that the Michaels
9 | Products had a market value equal to the regular price displayed on Michaels' website and in-store.

10 | 136.   This warranty was part of the basis of the bargain and Plaintiff and members of the
11 | subclass relied on this warranty.

12 | 137.   In fact, the Michaels Products did not have a market value equal to the regular price
13 | displayed.  Thus, the warranty was breached.

14 | 138.   Plaintiff provided Defendant with notice of this breach of warranty, by mailing a
15 | notice letter to Defendant's headquarters, on January 25, 2023.

16 | 139.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's
17 | breach, and this breach was a substantial factor in causing harm, because (a) they would not have
18 | purchased Michaels Products if they had known the truth, or (b) they overpaid for the Products
19 | because the Products are sold at a price premium due to the warranty.

20 | **Eighth Cause of Action:**

21 | **Quasi-Contract/Unjust Enrichment**

22 | **(by Plaintiff and the Nationwide Class)**

23 | 140.   Plaintiff incorporates each and every factual allegation set forth above.

24 | 141.   Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In
25 | the alternative, Plaintiff brings this claim on behalf of herself and the California Subclass.

26 | 142.   As alleged in detail above, Defendant's false and misleading advertising caused
27 | Plaintiff and the class to purchase Michaels Products and to pay a price premium for these products.

28 | 143.   In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

Class Action Complaint                              20                              Case No.

144.   Plaintiff and the class seek restitution.

**Ninth Cause of Action:**

**Negligent Misrepresentation**

**(by Plaintiff and the California Subclass)**

145.   Plaintiff incorporates each and every factual allegation set forth above.

146.   Plaintiff brings this cause of action on behalf of herself and the California Subclass.

147.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised.

148.   These representations were false.

149.   When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

150.   Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

151.   In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Michaels Products.

152.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

153.   Plaintiff and subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Michaels Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

**Tenth Cause of Action:**

**Intentional Misrepresentation**

**(by Plaintiff and the California Subclass)**

154.   Plaintiff incorporates each and every factual allegation set forth above.

155.   Plaintiff brings this cause of action on behalf of herself and the California Subclass.

156.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and subclass members concerning the existence and/or nature of the discounts and savings advertised.

157.   These representations were false.

158.   When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

159.   Defendant intended that Plaintiff and subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

160.   In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Michaels Products.

161.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and subclass members.

162.   Plaintiff and subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Michaels Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

**VI.   Relief.**

163.   Plaintiff seeks the following relief for herself and the class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;

1

• Any additional relief that the Court deems reasonable and just.

2

3    Dated: February 1, 2023                    Respectfully submitted,

4                                               By: /s/ *Christin Cho*
                                                Christin Cho (Cal. Bar No. 238173)
5                                               christin@dovel.com
                                                Simon Franzini (Cal. Bar No. 287631)
6                                               simon@dovel.com
                                                Jonas B. Jacobson (Cal. Bar No. 269912)
7                                               jonas@dovel.com
8                                               DOVEL & LUNER, LLP
                                                201 Santa Monica Blvd., Suite 600
9                                               Santa Monica, California 90401
                                                Telephone: (310) 656-7066
10                                              Facsimile: (310) 656-7069
11

12                                              *Attorneys for Plaintiff and the Proposed Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DocuSign Envelope ID: 21B8CED4-19AD-4931-AAC3-56E8899F70AF

Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff and the Proposed*
*Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEA VIZCARRA, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br><br>v.<br><br>MICHAELS STORES, INC.,<br><br>     *Defendant*. | Case No.<br><br>**CLRA Venue Declaration** |

1  I, Nea Vizcarra, declare as follows:

2       1.       I am a named Plaintiff in this action.

3       2.       In November 2022 and January 2023, I purchased Michaels Products while residing in

4  Salinas, California.

5       3.       I understand that, because I purchased the products in Salinas, California, the

6  transaction occurred within the Northern District of California, and therefore, this is a proper place to

7  bring my California Consumer Legal Remedies Act claim.

8            I declare under the penalty of perjury, under the laws of the United States and the State of

9  California, that the foregoing is true and correct to the best of my knowledge.

10

11  Signature: _____

12            Nea Vizcarra

13  Date:    _____
            1/30/2023

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28