1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   P. CRAIG CARDON, Cal Bar No. 168646
2  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
3  Telephone:    213.620.1780
   Facsimile:    213.620.1398
4  Email:        ccardon@sheppardmullin.com

5  BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
   CHLOE G. CHUNG, Cal. Bar No. 341398
6  TYLER E. BAKER, Cal Bar No. 349367
   1901 Avenue of the Stars, Suite 1600
7  Los Angeles, California 90067
   Telephone:    310.228.3700
8  Facsimile:    310.228.3701
   Email:        baigboboh@sheppardmullin.com
9                cchung@sheppardmullin.com
                 tbaker@sheppardmullin.com
10
   *Attorneys for Defendant*
11 MICHAELS STORES, INC.

12                 **UNITED STATES DISTRICT COURT**

13   **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

14 NEA VIZCARRA, individually and on behalf          Case No. 5:23-cv-468-BLF
   of all others similarly situated,
15                                                    *The Honorable Beth Labson Freeman*
                   Plaintiff,
16                                                    **DEFENDANT'S MOTION TO DISMISS
          v.                                          FIRST AMENDED CLASS ACTION
17                                                    COMPLAINT AND TO STRIKE RELIEF
   MICHAELS STORES, INC.,                             CLAIMS AND CLASS ALLEGATIONS**
18
                   Defendant.                         Hearing Date:    October 26, 2023
19                                                    Time:            9:00 a.m.
                                                      Crtrm.:          Courtroom 3, 5th Floor
20

21                                                    Complaint Filed:  February 1, 2023
                                                      FAC Filed:        May 3, 2023
22                                                    Trial Date:       TBD

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT at 9:00 a.m. on October 26, 2023, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Beth Labson Freeman, located at located at 280 South 1st Street, Courtroom 3, 5th Floor, San Jose, CA 95113, Defendant Michaels Stores, Inc. ("Michaels" or "Defendant") will and hereby does move this Court to dismiss Plaintiff Nea Vizcarra's ("Plaintiff") *First Amended Class Action Complaint* [ECF No. 26] (the "*FAC*") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, and to strike certain of the *FAC*'s allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D).

This *Motion* is based upon this *Notice of Motion and Motion*, the accompanying *Memorandum of Points and Authorities*, the *Request for Judicial Notice* and *Declaration of Chloe G. Chung* ("*Chung Decl.*") submitted currently herewith, the records in this action, and such further evidence and argument that may be presented at the hearing of this *Motion* and that the Court may consider.

## ISSUES TO BE DECIDED

1.   Whether the *FAC*'s claim for violation of California Business & Profession Code §§ 17500 ("Section 17500") and 17501 ("Section 17501") should be dismissed because Michaels does not advertise "former prices."

2.   Whether the *FAC*'s False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and Consumer Legal Remedies Act ("CLRA"), and negligent and intentional misrepresentation claims should be dismissed because they are not sufficiently pleaded.

3.   Whether the *FAC*'s negligent and intentional misrepresentation claims are barred by the economic loss doctrine.

4.   Whether the *FAC*'s breach of contract and breach of express and implied warranty claims should be dismissed for failure to state such claims.

5.   Whether the *FAC*'s claim for unjust enrichment should be dismissed for failure to state such a claim.

6.      Whether the *FAC*'s CLRA damages claim should be dismissed for failure to comply with statutory prefiling requirements.

7.      Whether the overbroad class allegations should be stricken.

8.      Whether the *FAC*'s non-California class claims should be dismissed.

Dated:  June 8, 2023                SHEPPARD MULLIN RICHTER & HAMPTON LLP


By      _____
                        *P. Craig Cardon*
                        P. CRAIG CARDON

                        *Attorneys for Defendant*
                        MICHAELS STORES, INC.

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY ...........................2

    A.  Michaels .......................................................................................................2

    B.  Michaels Alleged Pricing ............................................................................3

    C.  Plaintiff's Alleged Purchases ......................................................................3

    D.  The *Complaint*, *Motion to Dismiss Complaint*, and *FAC* ..........................4

III.  APPLICABLE LEGAL STANDARDS ...................................................................5

    A.  Rule 12(b)(6) ...............................................................................................5

    B.  Rule 12(b)(1) ...............................................................................................5

    C.  Rules 12(f) And 23 ......................................................................................5

IV.  THE *MOTION* SHOULD BE GRANTED .............................................................6

    A.  The First Cause of Action Should Be Dismissed Because the *FAC* Does Not Allege any "Former Price" Advertising ...........................................................6

    B.  The *FAC* Does Not State FAL, CLRA, Or UCL, or Misrepresentation Claims ............................................................................................................9

        1.  The *FAC* Does Not Plead Facts Establishing that the Products Plaintiff Purchased Were "Never" Offered at the "Prevailing Market Price" ....................................................................................................10

            a.  The FAC Misstates the Nature of Michaels Pricing ...................10

            b.  The FAC's Conclusion "Non-Exclusive" Products Were Never Offered at the "Prevailing Market Price" Is Unsupported .................................................................................11

            c.  The FAC Does Not Allege Facts Sufficient To Establish that the Alleged "Private Brand" Products Are "Exclusive" .................13

            d.  The FAC Fails To Plead an Adequate Pre-Suit Investigation into the Items Plaintiff Purchased ....................................................14

        2.  The Negligent and Intentional Misrepresentation Claims Are Barred by the Economic Loss Doctrine ...............................................................15

    C.  The *FAC* Does Not State Claims for Breach of Contract or Breach of Express or Implied Warranty ......................................................................16

D.    The *FAC* Does Not State a Claim for Unjust Enrichment .......................................17

E.    The CLRA Claim for Damages Must Be Dismissed .................................................18

F.    The Court Should Strike the Class Allegations or, Alternatively Dismiss all Non-California Claims ..................................................................................................19

    1.    The Court Should Strike the Class Allegations.............................................19

    2.    The Court Should Dismiss all Class Claims Premised on Laws of Other States ...................................................................................................20

V.    CONCLUSION ......................................................................................................................20

1

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aellis O. v. Connor*
    No. 22-cv-200 JLS (WVG), 2022 WL 2229421 (S.D. Cal. June 21, 2022) .......................... 17

*In re Apple & AT & T iPad Unlimited Data Plan Litig.*
    802 F. Supp. 2d 1070 (N.D. Cal. 2011) ............................................................. 19

*Arroyo v. TP-Link USA Corp.*
    2015 WL 5698752 (N.D. Cal. Sept. 29, 2015).......................................................... 14

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ............................................................................... 5

*Bly–Magee v. Cal.*
    236 F.3d 1014 (9th Cir. 2001).......................................................................... 9

*Carvalho v. HP, Inc.*
    No. 21-CV-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022).........................*passim*

*Castellanos v. Ferguson*
    No. 1:10-cv-02261 LJO, 2011 WL 587471 (E.D. Cal. Feb. 9, 2011).................................... 11

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*
    65 F. Supp. 3d 840 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017)........................ 8, 11

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011) ......................................................................... 5

*Demarest v. U.S.*
    718 F.2d 964 (9th Cir. 1983)........................................................................... 5

*Edelman v. Bank of Am. Corp.*
    No. SACV0900309CJCMLGX, 2009 WL 10673582 (C.D. Cal. July 8, 2009) .................... 16

*Eur. Travel Agency Corp. v. Allstate Ins. Co.*
    No. 22-cv-01141-DSF, 2022 WL 4243955 (C.D. Cal. Sept. 12, 2022)................................ 18

*In re Gilead Scis. Sec. Litig.*
    536 F.3d 1049 (9th Cir. 2008).......................................................................... 5

*Haley v. Macy's, Inc.*
    263 F. Supp. 3d 819 (N.D. Cal. 2017) ................................................................. 11

*In re iPhone 4S Consumer Litig.*
    No. C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013)....................................... 17

1    *Jamie Holzer-White v. Michaels Stores, Inc.*
        Case No. 2:23-cv-164 (C.D. Cal.) ........................................................ 2

*Klein v. Chevron U.S.A., Inc.*
        202 Cal. App. 4th 1342 (2012) ........................................................... 18

*LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.*
        No. 18-CV-02573-YGR, 2019 WL 160335 (N.D. Cal. Jan. 10, 2019) ....... 8, 11, 14

*Lisner v. Sparc Grp. LLC*
        No. 21-cv-05713-ABG-JSx, 2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ................... 14, 15

*Lyons v. Bank of Am.*
        NA, No. C 11-1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ........................ 19, 20

*Multifamily Captive Group, LLC v. Assur. Risk Managers, Inc.*
        629 F. Supp. 2d 1135 (E.D. Cal. 2009) ................................................ 16

*Nguyen v. Stephens Inst.*
        529 F. Supp. 3d 1047 (N.D. Cal. 2021) ............................................... 18

*People v. Sup. Ct. (J.C. Penney Corp.)*
        34 Cal. App. 5th 376 (2019) .......................................................... 12, 13

*Robinson Helicopter Co., Inc. v. Dana Corp.*
        34 Cal. 4th 979 (2004) .............................................................. 15

*Sanders v. Apple Inc.*
        672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................... 6, 19, 20

*Saroya v. Univ. of the Pac.*
        503 F. Supp. 3d 986 (N.D. Cal. 2020) ................................................ 18

*Schertzer v. Samsonite Co. Stores, LLC*
        No. 19-CV-639 JLS (MSB), 2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) ...................... 9, 15

*Seegert v. Luxottica Retail N. Am., Inc.*
        No. 17-cv-1372-JM-BLM, 2018 WL 3472561 (S.D. Cal. July 19, 2018) ...................... 14

*Shuman v. SquareTrade Inc.*
        No. 20-cv-02725-JCS, 2021 WL 5113182 (N.D. Cal. Nov. 3, 2021) .................... 17

*Smith v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*
        No. 21-CV-09390-JST, --- F. Supp. 3d ---, 2023 WL 2768453 (N.D. Cal. Mar. 9, 2023) . 9, 17

*So v. HP, Inc.*
        No. 22-CV-02327-BLF, 2022 WL 16925965 (N.D. Cal. Nov. 14, 2022) ...................... 19, 20

*Sperling v. DSW Inc.*
        2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) ....................................... 12

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

*Sperling v. DSWC, Inc.*
    699 F. App'x 654 (9th Cir. 2017) ................................................................. 15

*Sperling v. Stein Mart, Inc.*
    291 F. Supp. 3d 1076 (C.D. Cal. 2018) ....................................................... 10

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*
    83 F. Supp. 3d 855 (N.D. Cal. 2015) ........................................................... 17

*Tsai v. Wang*
    No. 17-cv-00614-DMR, 2017 WL 2587929 (N.D. Cal. June 14, 2017) ................. 18

*Vavak v. Abbott Lab'ys, Inc.*
    No. SACV 10-1995 JVS RZX, 2011 WL 10550065 (C.D. Cal. June 17, 2011) ......... 15

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) .......................................................... 9, 10, 12

*Wang v. OCZ Tech. Grp., Inc.*
    276 F.R.D. 618 (N.D. Cal. 2011) ........................................................... 9, 17

*Ward v. Cnty. of Mendocino*
    No. 17-CV-0911-PJH, 2017 WL 3007063 (N.D. Cal. July 14, 2017) .................. 11

*White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*
    No. 20-CV-04048-SVK, 2020 WL 13578444 (N.D. Cal. Nov. 17, 2020) ............. 19

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) ...................................................................... 5

*Williams v. Kidiley*
    No. EDCV 12-2272-AG RNB, 2013 WL 6247972 (C.D. Cal. Dec. 3, 2013),
    *aff'd*, 588 Fed. Appx (9th Cir. 2014) ........................................................... 8

Statutes, Rules, and Regulations

Fed. R. Civ. P. 8 ...................................................................................... 11

Fed. R. Civ. P. 9 ............................................................................... *passim*

Fed. R. Civ. P. 12 ................................................................................. 5, 20

Fed. R. Civ. P. 23 ...................................................................................... 6

Cal. Bus. & Prof. Code § 17500 ........................................................... *passim*

Cal. Bus. & Prof. Code § 17501 ........................................................... *passim*

Cal. Civ. Code § 1782 ............................................................................... 18

# I.    <u>INTRODUCTION</u>

The gravamen of the *FAC* is that Michaels advertises false "former prices" – *i.e.*, prices at which Michaels items are "never" offered by Michaels and, therefore, do not represent the items' "prevailing market prices."  But, as the *FAC* makes clear, ***this is not a "former price" case***. Michaels does not advertise former prices.  It advertises current prices, which ***must*** be paid unless a consumer has ***and*** uses an applicable discount code or coupon.  Accordingly, Section 17501 does not apply.  Plaintiff's attempt to fit the square peg of Michaels actual pricing into Section 17501's round hole is nothing more than an attempt to dodge their obligation to plead and prove a "reasonable consumer" understanding.  Because the alleged violation of Section 17500 is also wholly premised on the same misguided theory, the claim with respect to that section also fails.

The *FAC*'s attempts to assert wide-ranging fraudulent pricing claims are similarly unavailing for the straight-forward reason that the *FAC* fails to allege the necessary facts to establish the elements of its claims.  For example, with regard to allegedly "non-exclusive" products (*e.g.*, goods offered by others), the *FAC* does not allege any facts establishing third-party product prices – facts that are necessary to state pricing claims based on such goods.  Nor does the *FAC* allege facts sufficient to demonstrate that the products it claims are "exclusive" to Michaels because they are only sold on the Michaels website or in Michaels stores actually are "exclusive."  Indeed, the only arguable basis for this proposition is a new declaration by counsel.  But the new counsel declaration – which merely asserts that "exclusive" products are not available directly from a short list of third-parties – does not support it.  And a review of the websites of the retailers referenced in the declaration – which are incorporated by reference into the *FAC* and, thus, subject to judicial notice – reveals the opposite; Michaels "private brand items" are sold through some of the largest marketplaces in the world such as Amazon and Walmart for prices at which the *FAC* alleges they are never offered.  It is therefore unsurprising that the *FAC*'s attempt to remedy the *Complaint*'s deficient investigation allegations fails.  Plaintiff presents no facts necessary to support the conclusion that the items identified in the *FAC* were "never" offered for their advertised current and undiscounted prices or that those prices do not reflect the items' "prevailing market prices" or "market value."  Indeed, the *FAC* does not allege ***any*** investigation of the items Plaintiff purchased

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

at all, or any investigation of pricing of the same or similar arts and crafts items in the marketplace in order to plausibly allege what the "prevailing market price" or "market value" could be.  For this reason alone, the *FAC* fails to state a claim, and the Court should dismiss its claims with prejudice.[1]

Indeed, the *FAC* does not allege facts sufficient to state any of its claims – including its warranty, contract, and unjust enrichment claims – instead relying on the repeated (and unsupported) allegations regarding Michaels pricing.  It does not allege a claim for CLRA damages because Plaintiff failed to comply with the CLRA's prefiling requirements.  The *FAC*'s hastily-drafted class definition is overbroad because it would include consumers who, *inter alia*, Plaintiff cannot dispute suffered no injury, and its barebones attempt to pursue a nationwide class must be rejected.

In short, the *FAC* (like the *Complaint* before it) does not plausibly allege any claims.  The *Motion* should be granted.

## II.    RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

### A.    Michaels

Michaels sells arts, crafts, and other décor products through the Michaels website www.michaels.com and in Michaels retail stores.  ECF No. 26, ¶ 8, 23.  The *FAC* alleges – based only on a declaration from counsel – that Michaels "exclusively" sells certain "private brand" products, claiming they "are only available for purchase from Michaels" and "not available for purchase directly from other nationwide arts and crafts stores and websites like Art.com and Hobby Lobby, or from traditional big box retailers such as Best Buy, Staples, Office Depot, Walmart, and Amazon."  *Id.* ¶ 34.  These alleged  "private brands" include "Recollections, Studio décor, Bead

---

[1]  That the *FAC* plays fast and loose with its pricing allegations is consistent with Plaintiff's approach to this case – a case originally filed by a different plaintiff and assigned to a different judge: *Jamie Holzer-White v. Michaels Stores, Inc.*, Case No. 2:23-cv-164 (C.D. Cal.).  In an attempt to avoid that judge (the Honorable John F. Walter) and his rules, Plaintiff's counsel dismissed that case just days after it was assigned to Judge Walter (*Notice of Voluntary Dismissal*, Case No. 2:23-cv-164, ECF No. 11 (Jan. 24, 2023)) and filed this virtually identical case on behalf of Plaintiff just one week later (ECF No. 1).

1  Landing, Creatology, Ashland, Celebrate It, Art Minds, Artist's Loft, Craft Smart, Loops & Threads,

2  Make Market, Foamies, LockerLookz, Imagin8, and Simply Tidy." *Id.*  According to the *FAC*,

3  Michaels also offers "non-exclusive" products, which Plaintiff fails to define, but that apparently

4  refers to products that are sold by those other than Michaels. *Id.*

5  **B.**    **Michaels Alleged Pricing**

6      The *FAC* alleges that "[Michaels] lists purported 'regular' prices.  It further claims that

7  Michaels advertises and distributes purportedly time-limited coupons (both physical and electronic)

8  that, if used, give customers a store-wide discount on all regular price purchases." ECF No. 26, ¶¶

9  10-11.  The *FAC* alleges, however, that the "regular" prices that Michaels advertises are "not

10  actually [Michaels] 'regular' prices" because Michaels products are "always" available for a

11  discounted price – an allegation that, as set forth below, contradicts the fact that Michaels prices are

12  current prices that must be paid unless a consumer has a discount code or coupon. *Id.* ¶ 12.  As

13  such, the *FAC* alleges that the "purported 'discounts' were not the true discounts." *Id.* ¶ 14.  And,

14  the *FAC* alleges that because "site-wide and store-wide discounts are always available," the

15  purported limited time discounts are "not time limited." *Id.* ¶¶ 12-14. [2]

16  **C.**    **Plaintiff's Alleged Purchases**

17      On November 28, 2022, Plaintiff claims to have visited the Michaels website, which

18  advertised "40% OFF ALL Regular Price Purchases with code 40ENTIRE1128." *Id.* ¶ 51.  Plaintiff

19  selected several items for purchase (an Academy Acrylics paint color set, a Royal & Langnickel

20  paintbrush set and jumbo paintbrush, four "Artist's Loft Firenze Filbert" paintbrushes, an Artist's

21  Loft Vienna brush, and five Craft Smart acrylic paints), entered the promotional code, had discounts

22  applied, and checked out. *Id.* ¶¶ 51-52, 56. [3]  On January 19, 2023, Plaintiff purchased several items

23

---

24  [2] While the *FAC* characterizes such offers as illegal, in fact nothing in the law or any regulation bars

25  same-day or repeated contingent promotions off of current prices, and the *FAC* (despite its citations

26  to a host of other authorities) cites none to that effect.

27  [3] The *FAC* vaguely alleges "[Michaels] was advertising that certain items were on 'Sale' for an

28  even steeper discount" than the 40% promotional discount offered with "code 40ENTIRE1128."

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

from a Michaels store in Salinas, California.  This time, Plaintiff used a physical coupon for "20% off ALL Regular Price Purchases."  *Id.* ¶¶ 53-56.[4]  In both instances, Plaintiff allegedly believed she was purchasing products that:

> regularly…retailed at the published "regular" price, that this "regular" price was the [products'] market value…, and that she was receiving the advertised discount as compared to the regular price by using a limited-time coupon or coupon code that was not always available, but instead was only available for a limited time (during the limited time promotion).

*Id.* ¶ 56.  Two weeks after her January 19 purchase, Plaintiff filed the *Complaint*.  ECF No. 1.

**D.     The *Complaint, Motion to Dismiss Complaint, and FAC***

The February 1, 2023 *Complaint* asserted several claims arising from Plaintiff's false advertising allegations.  ECF No. 1.  Michaels moved to dismiss the *Complaint*.  ECF No. 21.  Rather than oppose, Plaintiff filed the *FAC* on May 3, 2023.  ECF No. 26.  In it, Plaintiff asserts the following claims on behalf of a nationwide class and California subclass:  (1) violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 & 17501 *et seq*.; (2) violation of California's Consumer Legal Remedies Act; (3) violation of California's Unfair Competition Law; (4) breach of contract; (5) breach of express warranty; (6) breach of implied warranty; (7) quasi-contract/unjust enrichment; (8) negligent misrepresentation; and (9) intentional misrepresentation. *Id.* ¶¶ 74-164.  In addition to class certification, the *FAC* prays for damages, treble damages, punitive damages, restitution, disgorgement, and injunctive relief.  *Id.* ¶ 165.

---

ECF No. 26, ¶ 52.  But it does not allege Plaintiff made any other purchases or relied on any other purported sales on November 28, 2022.  *Id.* ¶¶ 51-52, 56.

[4]  The *FAC*'s screenshot of Plaintiff's receipt shows a 20% discount was applied to four of the five items Plaintiff purchased.  A greater than 20% discount was applied to the "Ashland" flower truck doormat (alleged "regular" price of $19.99 and $11.99 purchase price).  ECF No. 26, ¶ 54.  The *FAC*, again, vaguely alleges that "[Michaels] was advertising that certain items (including the Flower Truck Doorman [*sic*] by Ashland that Ms. Vizcarra purchased) were being offered for an even steeper 'sale' of their purported 'regular prices,'" but it does not identify the alleged advertising for the doormat.

# III.    APPLICABLE LEGAL STANDARDS

## A.    Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011).  While on such motion a court accepts as true all well-pled factual allegations, courts need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 677 (citing *Twombly*, 550 U.S. at 557).  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 678.  Claims for fraud or negligent/intentional misrepresentation must meet the heightened particularity standard of Rule 9(b).  *Carvalho v. HP, Inc.*, No. 21-CV-08015-BLF, 2022 WL 2290595, at *3 (N.D. Cal. June 24, 2022) (Freeman, J.).

## B.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction "[d]ismissal for lack of subject matter jurisdiction is appropriate if the complaint…on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *Demarest v. U.S.*, 718 F.2d 964, 965 (9th Cir. 1983). As standing pertains to the court's subject-matter jurisdiction, motions raising lack of standing are properly brought under Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## C.    Rules 12(f) And 23

Rule 12(f) authorizes courts to strike "from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Additionally, "[w]here the

1   complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant

2   may move to strike class allegations prior to discovery" and "[t]he Federal Rules provide a

3   mechanism for exercising defective class allegations before discovery." *Sanders v. Apple Inc.*, 672

4   F. Supp. 2d 978, 990 (N.D. Cal. 2009).   Pursuant to Rule 23(c), "the court must—at an early

5   practicable time—determine by order whether to certify the action as a class action."  Fed. R. Civ.

6   P. 23(c)(1)(A).  As the Supreme Court has recognized, "'[s]ometimes the issues are plain enough

7   from the pleadings to determine whether the interests of absent parties are fairly encompassed within

8   the named plaintiff's claim.'"    *Sanders*, 672 F. Supp. 2d at 990-91 (quoting *Gen. Tele. Co. of*

9   *Southwest v. Falcon*, 457 U.S. 147, 160 (1982)).

10                          **IV.    THE *MOTION* SHOULD BE GRANTED**

11   **A.    The First Cause of Action Should Be Dismissed Because the *FAC* Does Not Allege any**

12          **"Former Price" Advertising**

13          Section 17501, a nearly century old statute, provides, in relevant part, that

14          No price shall be advertised as a ***former price*** of any advertised thing, unless the
            alleged ***former price*** was the prevailing market price as above defined within three
15          months next immediately preceding the publication of the advertisement or unless
            the date when the alleged ***former price*** did prevail is clearly, exactly and
16          conspicuously stated in the advertisement.

17   Cal. Bus. & Prof. Code § 17501 (emphasis added).   Given this, this Court has explained that,

18   "[w]hile the more general provisions of the CLRA, UCL, and FAL create liability for deceptive

19   business practices in the eyes of a reasonable consumer, § 17501 governs a specific type of

20   advertising conduct: former prices."  *Carvalho*, 2022 WL 2290595, at *5.  Because Section 17501

21   "applies only to a 'former price,'" no Section 17501 claim may be stated when the alleged prices

22   "are not in fact former prices[.]"   *Id.* (dismissing Section 17501 claim with prejudice because

23   advertised prices were not "former prices").  Here, the prices the *FAC* challenges are not "former

24   prices" at all.   Instead, they are ***the actual current price of the item unless a consumer enters a***

25   ***promotional code online or uses a coupon in store***.   In other words, any consumer that ***does not***

26   use a promotional code or coupon at the point-of-sale pays the current price – ***meaning that it is not***

27   ***a "former price."***

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

The *FAC* confirms this.  The *FAC*'s allegations regarding an Ashland Green Eucalyptus Bunch are illustrative.  ECF No. 26, ¶ 25.  The product listing identified the product's price as $19.99 – a price the listing states may be discounted 20% "with code 22MADEBYYOU":



*Id*.  The *FAC*'s "checkout cart" page screenshot shows that the 20% discount was only applied following entry of the required promotional code into the "Promo Code" field:



*Id*.  These images demonstrate that Michaels is not advertising "former prices."  Instead, Michaels advertises ***current prices*** – *i.e.*, the price that must be paid unless a discount is applied.  And a

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

discount is only applied to that current price if the consumer uses a coupon or promotional code at the point-of-sale. In all other circumstances, the consumer pays the full, undiscounted current (*i.e.*, "regular") price. The *FAC* does not allege differently. In other words, two people could purchase the same item from Michaels at the same time and pay two different prices – the current price ($19.99 in the case of the eucalyptus bunch) if no discount code is applied or the current price minus the discount ($15.99 for the eucalyptus) if a discount code is applied. Because Michaels advertises current—not former—prices, Michaels alleged discounting (the only advertising upon which Plaintiff alleges any reliance) is not subject to Section 17501.[5]

To attempt to circumvent this simple truth, the *FAC* goes to great lengths to explain away its own screenshots, which prove Section 17501 does not apply. It is well-established that the Court need not accept as true these self-serving explanations as "when documents contain statements that contradict allegations in a complaint, the documents control and a court need not [a]ccept as true allegations that contradict" those documents. *Williams v. Kidiley*, No. EDCV 12-2272-AG RNB, 2013 WL 6247972, at *2 (C.D. Cal. Dec. 3, 2013), *aff'd*, 588 Fed. Appx, 658 (9th Cir. 2014) (internal quotation omitted); *see also LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.*, No. 18-CV-02573-YGR, 2019 WL 160335, at *2 (N.D. Cal. Jan. 10, 2019) (Freeman, J.); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 849 (N.D. Cal. 2014) (Freeman, J.), *aff'd*, 856 F.3d 605 (9th Cir. 2017). Indeed, the *FAC* concedes Plaintiff needed to apply the discount code or present a coupon at the point-of-sale in order to receive discounts, and does not allege that other customers would have received those discounts in the absence of utilizing the discount codes.

---

[5] As explained above, while the *FAC* alleges one item in her January 19, 2023 purchase (the Ashland flower truck doormat) was subject to some advertising other than promotional (coupon or promotional code) discounting (*see* ECF No. 26, ¶ 54), Plaintiff does not allege any facts regarding that other advertising. Without such facts, the *FAC* cannot state a claim based on the doormat. As such, all claims based on the doormat should be dismissed.

1    While the *FAC*'s first cause of action also includes conclusory reference to violation of

2    Section 17500 (ECF No. 26, ¶ 77), such alleged violation is entirely premised on the exact same

3    misguided theory as the alleged Section 17501 violation (*id.* ¶¶ 76-84), and therefore fails to state a

4    claim for deceptive pricing for the same reasons explained, as the Michaels advertising on which

5    Plaintiff allegedly relied is neither untrue nor misleading.  *Schertzer v. Samsonite Co. Stores, LLC*,

6    No. 19-CV-639 JLS (MSB), 2020 WL 4281990, at *6 (S.D. Cal. Feb. 25, 2020) (dismissing alleged

7    violations of Sections 17500 and 17501 together where plaintiff failed to allege deceptive pricing).

8    In short, the *FAC*'s attempt to cast Michaels current, full prices as advertised "former prices"

9    is wrong, Section 17501 does not apply, and no violation of Section 17500 is stated, and Plaintiff's

10    claim based on the same should be dismissed with prejudice.  *Carvalho*, 2022 WL 2290595, at *5.

11    **B.    The *FAC* Does Not State FAL, CLRA, Or UCL, or Misrepresentation Claims**

12    The *FAC*'s claims for alleged violations of the FAL (first cause of action), CLRA (second

13    cause of action), UCL (third cause of action), negligent misrepresentation (eighth cause of action),

14    and intentional misrepresentation (ninth cause of action) all sound in fraud and are subject to Fed.

15    R. Civ. P. 9(b)'s heightened pleading standard.  *Smith v. GlaxoSmithKline Consumer Healthcare*

16    *Holdings (US) LLC*, No. 21-CV-09390-JST, --- F. Supp. 3d ---, 2023 WL 2768453, at *7 (N.D. Cal.

17    Mar. 9, 2023); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 627 (N.D. Cal. 2011).  Rule 9(b)

18    requires that the circumstances constituting the alleged fraud be "specific" and pleaded with

19    particularity in order to make defendant aware of the "particular misconduct" to defend against the

20    charge.  *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001).  "Averments of fraud must be

21    accompanied by 'the who, what, when, where, and how' of the misconduct charged" and "[a]

22    plaintiff must set forth ***more*** than the neutral facts necessary to identify the transaction.  "The

23    plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Vess v.*

24    *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis in original).  Because the

25    *FAC* fails to meet this pleading standard, the Court should dismiss the FAL, CLRA, UCL and

26    misrepresentation claims.

27

28

1.     **The *FAC* Does Not Plead Facts Establishing that the Products Plaintiff Purchased Were "Never" Offered at the "Prevailing Market Price"**

This Court has made clear that, under the "reasonable consumer test" applicable to FAL, CLRA, and UCL claims (*Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018)), "dismissal is appropriate [on a motion to dismiss] where the court determines that the plaintiff's claims are not plausible," and that "'a plaintiff's unreasonable assumptions about [advertising] will not suffice.'" *Carvalho*, 2022 WL 2290595, at *3 (quoting *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021)). Because the *FAC* (i) misstates the nature of the pricing at issue, (ii) does not plead any facts supporting its conclusions about "non-exclusive" products, (ii) fails to plausibly plead that products are "exclusive," and (iv) does not allege relevant investigative facts regarding the same or similar products offered elsewhere, the *FAC* fails to state actionable claims under *Twombly/Iqbal* and Rule 9(b) and should be dismissed.

a.     *The FAC Misstates the Nature of Michaels Pricing*

As set forth above, the *FAC*'s conclusion that Michaels products are "always on sale" and "never" offered at the "prevailing market price" misstates the pricing at issue and renders the *FAC*'s FAL, CLRA, UCL, and misrepresentation claims implausible. At Michaels, and as shown by the *FAC*'s screenshots, products are offered for a current and full price. That price might be discounted *if* a consumer obtains *and* applies a coupon or discount code. *See* Section IV.A *supra*. The *FAC* attempts to ignore this reality which is clear from the very exemplars Plaintiff included and incorporated in her pleading. *See id.* Thus, it is baseless to allege that "[Michaels] products are *always*" discounted (ECF No. 26, ¶¶ 12, 30) as a result of the *FAC*'s coupons and discount codes, and the FAC thus fails to identify, as required under Rule 9(b) "what is false or misleading" about Michaels discount promotions, and "why it is false." *Vess*, 317 F.3d at 1106. Indeed, as the images in the *FAC* make clear, while discounts may be *available*, that does not mean that all consumers are aware of them or undertake the required affirmative steps to take advantage of them, and thus does not mean that the products are "never" offered at the "regular" or "prevailing market price." A plausible claim for fraud or deception cannot be pleaded through misdescribing and contradicting

1    the very images "incorporated by reference" or "referred to in the complaint". *LegalForce*, 2019

2    WL 160335, at *2; *City of Dearborn Heights*, 65 F. Supp. 3d at 849.

3                    b.    *The FAC's Conclusion "Non-Exclusive" Products Were Never Offered at the*

4                          *"Prevailing Market Price" Is Unsupported*

5          The *FAC* concludes that Michaels advertising is misleading because the "advertised

6    'regular' prices" are "not the prevailing market prices for the products within three months

7    preceding publication of the advertisement." *See*, *e.g.*, ECF No. 26, ¶ 80.  But the *FAC* does not set

8    forth facts sufficient to support any such conclusion.  Courts recognize pleading distinctions in

9    pricing cases dealing with "exclusive" products and "non-exclusive" products.  *Carvalho*, 2022 WL

10   2290595, at *4.  "Courts allow [exclusive product] cases to proceed based on allegations specific to

11   that…retail store selling the product." *Id*.  In non-exclusive product cases "other retailers offer the

12   same product for sale," meaning "that there are legitimate prices to which to compare the

13   defendant's…price" and that a complaint must include "allegations of product pricing at other

14   retailers[.]" *Id*. (internal quotations omitted).  The *FAC* fails to satisfy Plaintiff's burden.

15         Here, the *FAC* guesses that "discovery ***is likely to show*** that the advertised former prices are

16   not the prevailing market price in the last 90 days for [Michaels] non-exclusive products[.]"  ECF

17   No. 26, ¶ 34 (emphasis added).  The *FAC*, however, alleges no facts regarding these non-exclusive

18   products.  It does not even identify any non-exclusive product sold by Michaels, let alone allege any

19   facts from which it could be reasonably inferred that any "advertised former price" (again, this is

20   actually a current price) for any non-exclusive item was not the "prevailing market price" of the

21   non-exclusive product at any point in time.  Without such facts, the *FAC*'s "bald assertion" about

22   what "discovery will reveal…is insufficient to meet Plaintiff's pleading obligations under Federal

23   Rule of Civil Procedure 8(a)" or Rule 9(b).  *Castellanos v. Ferguson*, No. 1:10-cv-02261 LJO, 2011

24   WL 587471, at *3 (E.D. Cal. Feb. 9, 2011); *see also  Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819,

25   824 (N.D. Cal. 2017) (dismissing fraud-based claims because information and belief allegations

26   were not sufficient to allege that "[d]efendants' original or regular prices were false or otherwise

27   misleading" and could not be used by plaintiffs "as a 'pretext for the discovery of unknown

28   wrongs'") (quoting *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)); *see also Ward*

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS

1    *v. Cnty. of Mendocino*, No. 17-CV-0911-PJH, 2017 WL 3007063, at *11 (N.D. Cal. July 14, 2017)

2    ("The court is not permitted to 'unlock the doors of discovery for a plaintiff armed with nothing

3    more than conclusions.'  Until plaintiffs have alleged facts sufficient to state a claim…they are not

4    entitled to proceed to discovery on that claim") (quoting *Iqbal*, 556 U.S. at 678-79).  Notably, the

5    *FAC* states no facts on:

- any tracking of pricing over a 90-day period by Michaels, either online or in stores, of any purported "non-exclusive" products;

- what retailers make up the market for such "non-exclusive" moderately-priced arts and crafts goods to plausibly allege a "prevailing market price";

- any current pricing, or tracking of pricing over time, of the same or similar "non-exclusive" products by other retailers to demonstrate what the market pricing might be to plead a "prevailing market price".

11        Because the *FAC* is silent as to basic "who, what, when, where, and how" facts regarding

12    non-exclusive products – including, but not limited to, as to the prices of these products at other

13    retailers – the *FAC* does not meet Plaintiff's pleading burden for this type of case alleging fraudulent

14    reference pricing.  *Vess*, 317 F.3d at 1106; *Carvalho*, 2022 WL 2290595, at *4, 6 (dismissing FAL

15    § 17500 claim, CLRA, and UCL claims for failure to allege sufficient facts relating to non-exclusive

16    products); *Sperling v. DSW Inc.*, 2015 WL 13309476, at **8-9 (C.D. Cal. Nov. 19, 2015) (refusing

17    to rely on "conclusory" allegations that defendants' pricing "do[es] not represent the prevailing

18    market price" for its non-exclusive products and granting motion to dismiss where plaintiff did not

19    provide allegations about market prices of non-exclusive products).  Moreover, with regard to

20    Section 17501, merely alleging prices of identical prices is insufficient because under Section

21    17501, which was enacted to address Depression-era commodity pricing, an item's "prevailing

22    market price" is determined by the actual sales prices of "similar goods" and the "same goods" on

23    the "'open local market.'"  *People v. Sup. Ct. (J.C. Penney Corp.)*, 34 Cal. App. 5th 376, 411 (2019)

24    (quoting 30 Ops. Cal. Atty. Gen. at p. 129).  As such, to state a Section 17501 claim with respect to

25    non-exclusive products, a complaint must allege facts establishing that the advertised "former price"

26    is not the "prevailing market price" of the same and similar goods.  *See id.*  The *FAC* does not even

27    attempt to do so.

28

1

c.     *The FAC Does Not Allege Facts Sufficient To Establish that the Alleged*

2

*"Private Brand" Products Are "Exclusive"*

3

The *FAC* alleges – based only on the *Declaration of Simon Franzini*, ECF No. 26-1

4

("*Franzini Declaration*") – that Michaels "private brand" products are sold "exclusively" by

5

Michaels, "meaning…they are only available for purchase from Michaels" website and stores.  ECF

6

No. 26, ¶ 34.  But the *FAC*'s allegation is not supported from the *Franzini Declaration*, which states

7

that:

8

> Michaels' financial statements, which I have reviewed, state that for the fiscal year
> of 2020, 59% of Michaels' "net sales" came from "private brand" products, which I

9

> understand refers to products that Michaels makes and sells and which are available
> exclusively at Michaels and not at other nationwide arts and crafts chains.  Those

10

> financial statements state that Michaels' private brand product lines include the
> following: Recollections, Studio Decor, Bead Landing, Creatology, Ashland,

11

> Celebrate It, Art Minds, Artist's Loft, Craft Smart, Loops & Threads, Make Market,
> Foamies, LockerLookz, Imagin8, and Simply Tidy.  To confirm that products in

12

> these lines are not available for purchase directly from other nationwide arts and
> crafts stores and websites like Art.com and Hobby Lobby, or from traditional big box

13

> retailers such as Best Buy, Staples, Office Depot, Walmart, and Amazon, my staff at
> Dovel & Luner, at my direction and under my supervision, searched for products

14

> from each of Michaels' private brands on the aforementioned stores and retailers'
> websites.  No products from any of Michaels' private brands were available for

15

> purchase ***directly*** from those stores and retailers' websites.

16

ECF No. 26-1 ¶ 5 (emphasis added).  An assertion that items are not available directly from

17

nationwide crafts stores and big box retailers is not the same as asserting, as the *FAC* does, that

18

"private brand" products "are only available for purchase from Michaels."  ECF No. 26, ¶ 34.  In

19

other words, the fact that the items are not available directly from a discrete list of retailers does not

20

mean they are not available for sale by third parties, including by sellers on Amazon and Walmart

21

other than the platform provider.  Simply put, the *FAC* has no factual basis for its allegation that

22

"private brand" items are only available from the Michaels website and stores.  Without such an

23

allegation, the *FAC* must include "allegations of product pricing at other retailers[.]"  *Carvalho*,

24

2022 WL 2290595, at *4 (internal quotations omitted); *see also J.C. Penney Corp*, 34 Cal. App. 5th

25

at 411.

26

The *FAC* does not makes these factual allegations because it cannot.  As the concurrently-

27

filed *Request for Judicial Notice* demonstrates, the alleged "private brand" items are available for

28

purchase through two of the largest retail platforms in the United States: amazon.com and

walmart.com.  *See Request for Judicial Notice*; *see Chung Decl.*, ¶¶ 5, 6, Ex. D.  Not only are the items available for sale through these third-party marketplaces, they are offered for the prices that the *FAC* alleges are "never" their prices.  *Id.*  For example, the Royal & Langnickel Essential Brush Set, which was priced on the Michaels website at the allegedly false price of $9.99, but which Plaintiff purchased for $5.99 (ECF No. 26, at ¶ 52), is available on amazon.com for $9.99.  *See Request for Judicial Notice*; *see Chung Decl.*, ¶ 6, Ex. D-11; *see also LegalForce*, 2019 WL 160335, at *2 (on motion to dismiss, a *"*[t]he court is not required to accept as true allegations that contradict" documents incorporated by reference into a complaint or subject to judicial notice).  Clearly then, the *FAC*'s conclusions that Michaels "regular" prices are not "prevailing market prices" or "market value" are implausible and should be dismissed with prejudice.

> ### d.    *The FAC Fails To Plead an Adequate Pre-Suit Investigation into the Items Plaintiff Purchased*

Not only does the *FAC* fail to allege the necessary facts for non-exclusive products and exclusive products, in general, it fails to allege the facts necessary to state any claim arising from Plaintiff's actual purchases, including facts necessary to support its conclusion that the products were "always on sale" and "never" offered at the "prevailing market price" in the three months preceding Plaintiff's alleged purchases.  "Rule 9(b) requires [p]laintiff to plead her fraud claims with particularity.  This requires…plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported." *Seegert v. Luxottica Retail N. Am., Inc.*, No. 17-cv-1372-JM-BLM, 2018 WL 3472561, at *3 (S.D. Cal. July 19, 2018) (internal quotation omitted).  To satisfy this burden, a complaint must allege, at minimum, an investigation into the pricing of "the items purchased by the named [p]laintiffs." *Lisner v. Sparc Grp. LLC*, No. 21-cv-05713-ABG-JSx, 2021 WL 6284158, at *4 (C.D. Cal. Dec. 29, 2021); *see also Arroyo v. TP-Link USA Corp.*, 2015 WL 5698752, at *4 (N.D. Cal. Sept. 29, 2015) (non-purchased products insufficient to "satisfy the standing requirements for claims under California statutes").

Despite this, the *FAC* does not allege any investigation of the specific items Plaintiff purchased including, *inter alia*, the prices of the items on any day other than when Plaintiff made

her purchases.[6]    And the only apparent "investigation" alleged – purported tracking of the availability of promotional codes and coupons that may or may not be applied by any individual consumer to any qualifying item over time (*see id.* ¶¶ 32-33) – is not a substitute for actual investigation of the items she purchased and does not support the *FAC*'s "broader allegation of a nationwide fraudulent pricing scheme involving…all of [Michaels] merchandise across all of its sale channels." *Lisner*, 2021 WL 6284158, at *6; *see also Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017) (allegation that outlet store products were never sold at the higher "compare at" prices listed on the price tags insufficient, based in part, on the plaintiff's failure to state when she conducted her search for the products at an earlier price).  Because the *FAC* "does not allege that the investigation conducted by…counsel includes any of the items purchased by" Plaintiff, her FAL, CLRA, UCL, and misrepresentation claims should be dismissed.  *Lisner*, 2021 WL 6284158, at **5-6; *see also Schertzer v. Samsonite Co. Stores, LLC*, No. 19-cv-639 JLS (MSB), 2020 WL 4281990, at **4-5 (S.D. Cal. Feb. 25, 2020) (dismissing UCL, FAL, and CLRA claims under Rule 9(b) standard where plaintiff did not allege any facts supporting "her belief that the product she purchased had not been offered at the 'retail' price in the 90-day preceding her purchase").

## 2.    The Negligent and Intentional Misrepresentation Claims Are Barred by the Economic Loss Doctrine

The *FAC*'s negligent and intentional misrepresentation claims are also barred by the economic loss doctrine.  Under this rule, a plaintiff may recover only in contract, and not in tort, for "purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004); *see also Vavak v. Abbott Lab'ys, Inc.*, No. SACV 10-1995 JVS RZX, 2011 WL 10550065, at *5 (C.D. Cal. June 17, 2011).  The economic loss rule also bars tort claims that are based on the same factual allegations, and seek the same damages, as a plaintiff's contract claims.

---

[6] Instead of alleging investigation of the items Plaintiff actually purchased, the *FAC* offers examples of Michaels website advertisements of products Plaintiff did not buy.  *See* ECF No. 26, ¶¶ 25-26. Even then, the *FAC* does not allege any investigation of the prices of such items over time.  *See id.*

1  *See Multifamily Captive Group, LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146

2  (E.D. Cal. 2009).  Here, the *FAC* does not allege personal injury, physical damage, any additional

3  harm beyond Plaintiff's disappointed expectations, or seek damages that are any different from what

4  Plaintiff seeks by way of her contract claims.  The Court should, therefore, dismiss Plaintiff's

5  negligent and intentional misrepresentation claims.

6  **C.**  **The *FAC* Does Not State Claims for Breach of Contract or Breach of Express or**

7  **Implied Warranty**

8  The *FAC*'s breach of contract and warranty claims should be dismissed for a simple reason

9  – the *FAC* does not allege any breach.  *See Edelman v. Bank of Am. Corp.*, No.

10  SACV0900309CJCMLGX, 2009 WL 10673582, at *4 (C.D. Cal. July 8, 2009).  The *FAC* alleges

11  that "[t]he [contractual] offer was to provide Products having a particular listed regular price and

12  market value, and to provide that Product at the discounted price advertised on the website."  ECF

13  No. 26, ¶ 58.  This is exactly what Plaintiff received – items discounted from their current, "regular,"

14  and undiscounted prices as a result of her use of a coupon and discount code.

15  With regard to "market value," as explained above, Plaintiff conducted no investigation of

16  the prices of non-exclusive products at other retailers or any past pricing history by Michaels.  The

17  *FAC*'s allegations as to "exclusive" products fare no better since, as explained above, purported

18  "private brand" products purchased are available through Walmart and Amazon, underscoring that

19  the "exclusive" product conclusions are not plausibly pleaded and that there is no factual basis to

20  allege that Michaels products were not offered at their "prevailing market price" or "market value."

21  Moreover, the purported "private brand" products available through Walmart and Amazon are

22  offered at prices identical or comparable prices to the "regular" prices on the Michaels website or

23  in Michaels stores, facts that would have been ascertained had Plaintiff (or her counsel) actually

24  undertaken the investigation claimed in the *Franzini Declaration* and that render implausible the

25  *FAC*'s unsupported conclusions that the "regular" prices on the Michaels website on in Michaels

26  stores are not "market value" or are artificially inflated to manufacture a misleading "discount"

27  price.  Thus, no plausible breach has been alleged under *Iqbal*/*Twombly*.

28

The *FAC*'s breach of express and implied warranty claims also fail because the *FAC* does not plead with particularity what the "exact" warranty terms were, and are also premised on the same fundamentally flawed and insufficiently pleaded theory that Plaintiff "overpaid" by paying a "price premium" without any pleaded facts to support those conclusory labels.  *See In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, at *15 (N.D. Cal. July 23, 2013).  Plaintiff pleads no deficiencies with the quality of the products she purchased (such that they were defective, damaged, or did not perform in breach of some warranty) and no facts to support the conclusions that she "overpaid" for such items or paid a "premium" price or that "the Michaels Products' stated market value was not the prevailing market value."  ECF No. 26, ¶ 132.  Further, a breach of warranty cannot be premised upon allegations regarding the perceived "value" of the goods.  *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 876 (N.D. Cal. 2015).

**D.    The *FAC* Does Not State a Claim for Unjust Enrichment**

The *FAC*'s unjust enrichment claim is based on the same alleged conduct as her fraud-based claims (*i.e.*, "Defendant's false and misleading advertising" caused Plaintiff to purchase products). Because Plaintiff's fraud-based claims are unsupported, so too is her unjust enrichment claim (also subject to Rule 9(b)), and the Court should dismiss it.  *See, e.g., Aellis O. v. Connor*, No. 22-cv-200 JLS (WVG), 2022 WL 2229421, at *8 (S.D. Cal. June 21, 2022) (dismissing unjust enrichment claim because the court "already found that [p]laintiff has not pleaded sufficient facts to state his other claims, and his unjust enrichment claim is derivative of those same facts"); *Shuman v. SquareTrade Inc.*, No. 20-cv-02725-JCS, 2021 WL 5113182, at *11 (N.D. Cal. Nov. 3, 2021) (dismissing unjust enrichment claim based on same facts as dismissed UCL claim); *Smith*, 2023 WL 2768453, at *8 (dismissing unjust enrichment claim under Rule 9(b) standard where claim sounded in fraud based on same alleged "uniform course of fraudulent conduct" underpinning UCL, CLRA, FAL, and negligent misrepresentation claims); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 627 (N.D. Cal. 2011) (dismissing unjust enrichment claim as insufficiently pleaded where unjust enrichment claim, along with FAL, UCL, CLRA, and misrepresentation claims, sounded in fraud and therefore were subject to Rule 9(b)).

Plaintiff's claim for unjust enrichment should also be dismissed because the *FAC* "fail[s] to plead the absence of an enforceable contract." *Eur. Travel Agency Corp. v. Allstate Ins. Co.*, No. 22-cv-01141-DSF, 2022 WL 4243955, at *3 (C.D. Cal. Sept. 12, 2022). While unjust enrichment may, in general, be pleaded in the alternative, "that is not what occurred here. Instead, plaintiff['s] breach of contract claim pleaded the existence of an enforceable agreement and [her] unjust enrichment claim did not deny the existence or enforceability of that agreement." *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012); *see* ECF No. 26, ¶¶ 142-46. Rather, as in *Klein*, the *FAC* "alleges that consumers entered into an enforceable contract with [Michaels] each time they purchased [a product from Michaels]." 202 Cal. App. 4th at 1388; *see* ECF No. 26, ¶ 121. The *FAC*'s "unjust enrichment claim does not allege that this contract is unenforceable or that the parties did not have a contract governing the sale of [each Michaels product]." *Klein*, 202 Cal. App. 4th at 1389. Indeed, the *FAC* does "not provide any explanation as to why the…agreement referenced in [her] breach of contract claim might be unenforceable or otherwise not qualify as a contract." *Id.* (dismissing unjust enrichment claim); *see also Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1057 (N.D. Cal. 2021) (dismissing unjust enrichment claim because plaintiff alleged an enforceable contract existed but failed to allege the same contract was unenforceable or void); *Tsai v. Wang*, No. 17-cv-00614-DMR, 2017 WL 2587929, at **7-8 (N.D. Cal. June 14, 2017) (a plaintiff "may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid"). In short, "Plaintiff pleads the existence of a contract, but fails to deny its existence or enforceability in the FAC, or plead facts suggesting the contract is unenforceable or invalid. As such, [s]he fails to state [an unjust enrichment] claim." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 1000 (N.D. Cal. 2020).

**E.    The CLRA Claim for Damages Must Be Dismissed**

Like the *Complaint*, the *FAC* seeks CLRA damages. ECF No. 1, ¶ 96; ECF No. 26, ¶ 98, 101. But, to be eligible to pursue CLRA damages, the CLRA requires a plaintiff to provide notice to defendant of the allege violations by certified or registered mail 30 days or more ***before filing*** an action for damages. Cal. Civ. Code § 1782(a). The *FAC proves* Plaintiff did not comply with this

requirement.  Plaintiff sent her CLRA letter on January 25, 2023.  ECF No. 26, ¶ 101.  She filed suit on February 1, 2023, *less than one week later*.  ECF No. 1.  A plaintiff, however, must wait the prescribed minimum 30 days before filing suit in order "to state a claim."  *White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 20-CV-04048-SVK, 2020 WL 13578444, at *5 (N.D. Cal. Nov. 17, 2020); *So v. HP, Inc.*, No. 22-CV-02327-BLF, 2022 WL 16925965, at *5 (N.D. Cal. Nov. 14, 2022) (Freeman, J.); *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).  Because Plaintiff failed to do so, the Court must dismiss the *FAC*'s claim for CLRA damages.

## F.     The Court Should Strike the Class Allegations or, Alternatively Dismiss all Non-California Claims

### 1.     The Court Should Strike the Class Allegations

Although the circumstances for striking class allegations before certification motion are limited, a court may do so where the "complaint demonstrates that a class action cannot be maintained."  *Lyons v. Bank of Am.*, NA, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011).  Here, the class allegations and the definitions of the two proposed classes are overly broad, beyond the scope of Plaintiff's alleged injuries, would implicate categories of persons with different and irrelevant injury, and facially render a class non-ascertainable.  *See Sanders,* 672 F. Supp. 2d at 991.

The *FAC* proposes two classes, each of which includes all persons who "purchased one or more Michaels Products *advertised at a discount* on Defendant's website or store"  ECF No. 26, ¶ 67 (emphasis added).  These proposed classes, however, are overbroad.  As drafted, the classes include, *inter alia*, consumers that purchased an item "advertised at a discount" but did not rely on and were not deceived by any alleged advertising (*e.g.*, consumers that paid the current, full price because they did not use a promotional code or coupon).  *See Sanders*, 672 F. Supp. 2d at 991 (granting motion to strike class allegations where the class definition included "all persons" in the U.S. "who own a 20–inch Aluminum iMac" but such "definition necessarily include[d] individuals who did not purchase their 20-inch Aluminum iMac, individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages.").  Even if these (or other)

1  consumers had a claim against Michaels, which they do not, the class definition would still be

2  overbroad, as any injury suffered by consumers that did not use a coupon or discount code is

3  markedly different than the undefined "injury" purportedly suffered by Plaintiff.  And "[b]ecause

4  the proposed class includes many members who have not been injured" in the way that Plaintiff is

5  alleged to be injured, "it is not certifiable" and the class allegations are properly stricken now.

6  *Lyons*, 2011 WL 6303390, at *7; *Sanders*, 672 F. Supp. 2d at 991.

7       **2.     The Court Should Dismiss all Class Claims Premised on Laws of Other States**

8       Even if the Court does not strike the class allegations, which it should, the nationwide class

9  claims must be dismissed.  Plaintiff, a California resident who made her purchases in California,

10  seeks to assert common law state claims (contract, warranty, misrepresentation, unjust enrichment)

11  on behalf a nationwide class.  ECF No. 26, ¶¶ 16-17, 51, 53, 67.  But "'[c]ourts in the Ninth Circuit

12  have consistently held that a plaintiff in a putative class action lacks standing to assert claims under

13  the laws of states other than those where the plaintiff resides or was injured.'"  *So v. HP, Inc.*, No.

14  22-CV-02327-BLF, 2022 WL 16925965, at *6 (N.D. Cal. Nov. 14, 2022) (Freeman, J.) (quoting

15  *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019)).  "Because Plaintiff resides

16  in and was injured in California, [s]he does not have standing to assert claims under the laws of any

17  other states" and as such all non-California claims should be dismissed under Rule 12(b)(1).  *Id.*

18              **V.     <u>CONCLUSION</u>**

19       For the reasons stated above, Michaels respectfully requests that the Court grant the *Motion*.

20

21  Dated:  June 8, 2023              SHEPPARD MULLIN RICHTER & HAMPTON LLP

22

23                        By  _____
                                    *P. Craig Cardon*
24                                P. CRAIG CARDON

25                                *Attorneys for Defendant*
                                 MICHAELS STORES, INC.
26

27

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND TO STRIKE RELIEF CLAIMS AND CLASS ALLEGATIONS