1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   P. CRAIG CARDON, Cal. Bar No. 168646
2  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
3  Telephone:    213.620.1780
   Facsimile:    213.620.1398
4  Email:        ccardon@sheppardmullin.com

5  BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
   CHLOE G. CHUNG, Cal. Bar No. 341398
6  TYLER E. BAKER, Cal. Bar No. 349367
   1901 Avenue of the Stars, Suite 1600
7  Los Angeles, California 90067-6055
   Telephone:    310.228.3700
8  Facsimile:    310.228.3701
   Email:        ccardon@sheppardmullin.com
9                baigboboh@sheppardmullin.com
                 ashauer@sheppardmullin.com
10

11 *Attorneys for Defendant*
   MICHAELS STORES, INC.

12

                    **UNITED STATES DISTRICT COURT**
13
          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
14

15 | NEZ VIZCARRA and VALERIE INEZ, | Case No. 5:23-cv-468-PCP |
   individually and on behalf of all others similar
16 situated,                        | *Assigned to the Hon. P. Casey Pitts* |

                Plaintiffs,          | **ANSWER TO FOURTH AMENDED**
17                                   | **CLASS ACTION COMPLAINT**
       v.
18
   MICHAELS STORES, INC.,            | Complaint Filed: February 1, 2023
19                                   | 4AC Filed:       March 15, 2024
                Defendant.           | Trial Date:      None Set
20

21

22

23

24

25

26

27

28

Defendant Michaels Stores, Inc. ("Defendant") hereby answers the *Fourth Amended Class Action Complaint* ("*4AC*") filed by Plaintiff Nea Vizcarra ("Vizcarra").[1]

"**I.    Introduction.**"[2]

1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the *4AC* and, accordingly, denies such allegations.

2.    Paragraph 2 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the *4AC* and, accordingly, denies such allegations.

3.    Paragraph 3 of the *4AC* contains mere legal argument and conclusions to which no response is required.  California Business & Professions Code § 17500 speaks for itself.

4.    Paragraph 4 of the *4AC* contains mere legal argument and conclusions to which no response is required.  California Business & Profession Code § 17501 speaks for itself.

5.    Paragraph 5 of the *4AC* contains mere legal argument and conclusions to which no response is required.  California Civil Code § 1770(a)(9) and California Civil Code § 1770(a)(13) speak for themselves.

6.    Paragraph 6 of the *4AC* contains mere legal argument and conclusions to which no response is required.  16 C.F.R. § 233.1 speaks for itself.

7.    Paragraph 7 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and

---

[1]  Plaintiff Valerie Inez ("Inez") has dismissed her claims without prejudice (ECF No. 75); therefore, no response is necessary to to any allegations made or claims asserted by Inez in the *4AC*.  For avoidance of doubt, any response by Defendant to any allegations made or claims asserted by "Plaintiffs" in the *4AC* (*see*, *e.g.*, ECF No. 67 ¶¶ 13-15, 47, 61-63) is limited to the allegations made and claims asserted by Vizcarra.

[2]   Although not necessary, Defendant reproduces the *4AC*'s headings for completeness.  Such reproduction is not an admission or concession that such headings are factually or legally valid.  For the avoidance of doubt, Defendant denies any allegations or purported factual assertions contained within each and every one the headings.

information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the *4AC* and, accordingly, denies such allegations.

8.      Defendant denies the allegations in Paragraph 8 of the *4AC*, but states that it markets and sells arts, crafts, and certain décor products on-line via its website, www.michaels.com, and in its stores.

9.      Defendant denies the allegation in the first sentence of Paragraph 9 of the *4AC*.  The remaining allegations in Paragraph 9 of the *4AC* contain mere legal argument and conclusions to which no response is required.

10.     Defendant denies the allegations in the first sentence of Paragraph 10 of the *4AC*. Defendant denies the allegations as written in the second, third, and fourth sentences of Paragraph 10 of the *TAC*.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in in Paragraph 10 of the *TAC* and, accordingly, denies such allegations.

11.     Defendant admits that from time to time it may offer consumers coupons or online promotion codes providing a discount on "regular price purchases" and that the coupon or coupon code associated with that promotion may be only be valid through a particular time.  Except as expressly admitted, Defendant denies the remainging allegations in the first and second sentences of Paragraph 11 of the *4AC*.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in in Paragraph 11 of the *TAC* and, accordingly, denies such allegations.

12.     Defendant denies the allegations in Paragraph 12 of the *4AC*.

13.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the *4AC* and, accordingly, denies such allegations.

14.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the *4AC* and, accordingly, denies such allegations.

15.     Defendant admits Vizcarra purports to bring this action on behalf of herself and the "National Class" and "California Subclass" described in Paragraph 73 of the *4AC* but denies that the putative classes are appropriate, legally cognizable, or certifiable.

"**II.    Parties**"

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the *4AC* and, accordingly, denies such allegations.

17.    No response is required to Paragraph 17 of the *4AC* because Inez has dismissed her claims without prejudice.

18.    Defendant admits Vizcarra purports to bring this action on behalf of herself and a "Nationwide Class" as defined in Paragraph 73 of the *4AC* but denies that the putative class is appropriate, legally cognizable, or certifiable.   Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the *4AC* and, accordingly, denies such allegations.

19.    Defendant admits the allegations in Paragraph 19 of the *4AC*.

"**III.    Jurisdiction and Venue**."

20.    Paragraph 20 of the *4AC* contains mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the *4AC* and, accordingly, denies such allegations.

21.    Defendant admits that it has "sold Michaels Products to consumers in California," but lacks knowledge or information sufficient to form a belief of the allegation that it "sold Michaels Products to" Vizcarra.   The remaining allegations in Paragraph 21 of the *4AC* are mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the *4AC* and, accordingly, denies such allegations.

22.    Paragraph 22 of the *4AC* contains mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the *4AC* and, accordingly, denies such allegations.

23.    Paragraph 23 of the *4AC* contains mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendant denies that a substantial

part of the events giving rise to the claims occurred in Salinas, California.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the *4AC* and, accordingly, denies such allegations.

"**IV.    Facts**"

   "**A.    Defendant's fake prices and fake discounts**."

   24.    Defendant denies the allegations in the first sentence of Paragraph 24 of the *4AC*. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 24 of the *4AC* and, accordingly, denies such allegations. Defendant states that it sells goods to consumers through its website, www.michaels.com, and in its stores.

   25.    Defendant denies the allegations in Paragraph 25 of the *4AC*.

   26.    Defendant denies the allegations in the first, second, third, and fourth sentences of Paragraph 26 of the *4AC*.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fifth sentence in Paragraph 26 of the *4AC* and, accordingly, denies such allegations.

   27.    Defendant denies the allegations in the first, second, and fourth sentences of Paragraph 27 of the *4AC*.  The third sentence of Paragraph 27 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence in Paragraph 27 of the *4AC* and, accordingly, denies such allegations.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fifth sentence in Paragraph 27 of the *4AC* and, accordingly, denies such allegations.

   28.    Defendant denies the allegations in the first, second, and third sentences of Paragraph 28 of the *4AC*.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence in Paragraph 28 of the *4AC* and, accordingly, denies such allegations.

29.     The first and second sentences in Paragraph 29 of the *4AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies any inference that it uses any alleged "tactics" to deceive and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences in Paragraph 29 of the *4AC* and, accordingly, denies such allegations.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence in Paragraph 29 of the *4AC* and, accordingly, denies such allegations.

30.     Paragraph 30 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the *4AC* and, accordingly, denies such allegations.

31.     The first sentence of Paragraph 31 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31 of the *4AC* and, accordingly, denies such allegations.  Defendant denies the remaining allegations in Paragraph 31 of the *4AC*.

"**B.     Evidence confirming that Defendant's purported regular prices and purported discounts are fake**."

32.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the *4AC* and, accordingly, denies such allegations.

33.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the *4AC* and, accordingly, denies such allegations.

34.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the *4AC* and, accordingly, denies such allegations.

1    "**C.    Defendant's purported 'regular' prices were not the prevailing market prices**

2    **during the 90 days immediately preceding Defendant's advertisement of the**

3    **purported discount**."

4    35.    Defendant admits that it holds trademarks for certain products that it sells.  Defendant

5    denies the remaining allegations in the first, second, and third sentences of Paragraph 35 of the *4AC*.

6    The fourth, fifth, and sixth sentences in Paragraph 35 of the *4AC* contain mere legal argument and

7    conclusions to which no response is required.  To the extent that a response is required, Defendant

8    denies the allegations in the fourth, fifth, and sixth sentences in Paragraph 35 of the *4AC*.

9    "**D.    Defendant's advertisements are unfair, deceptive, and unlawful**."

10    36.    Paragraph 36 of the *4AC* contains mere legal argument and conclusions to which no

11    response is required.  California Business & Professions Code § 17500 speaks for itself.  To the

12    extent that a response is required, Defendant lacks knowledge and information sufficient to form a

13    belief as to the truth of the allegations in Paragraph 36 of the *4AC* and, accordingly, denies such

14    allegations.

15    37.    Paragraph 37 of the *4AC* contains mere legal argument and conclusions to which no

16    response is required.  California Business & Profession Code § 17501 speaks for itself.  To the

17    extent a response is required, Defendant lacks knowledge and information sufficient to form a belief

18    as to the truth of the remaining allegations in Paragraph 37 of the *4AC* and, accordingly, denies such

19    allegations.

20    38.    Paragraph 38 of the *4AC* contains mere legal argument and conclusions to which no

21    response is required.  California Civil Code § 1770(a)(9) and California Civil Code § 1770(a)(13)

22    speak for themselves.  To the extent a response is required, Defendant lacks knowledge and

23    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38

24    of the *4AC* and, accordingly, denies such allegations.

25    39.    Paragraph 39 of the *4AC* contains mere legal argument and conclusions to which no

26    response is required.  16 C.F.R. § 233.1 speaks for itself.  To the extent a response is required,

27    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the

28    remaining allegations in Paragraph 39 of the *4AC* and, accordingly, denies such allegations.

40.    Paragraph 40 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the *4AC* and, accordingly, denies such allegations.

41.    Defendant denies the allegations in Paragraph 41 of the *4AC*.

"**E.    Defendant's advertisements harm consumers**."

42.    Paragraph 42 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the *4AC* and, accordingly, denies such allegations.

43.    Paragraph 43 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the *4AC* and, accordingly, denies such allegations.

44.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the *4AC* and, accordingly, denies such allegations.

45.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the *4AC* and, accordingly, denies such allegations.

46.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the *4AC* and, accordingly, denies such allegations.

47.    Defendant denies that its advertisements harm consumers or contain false information or misrepresentations.  The remaining allegations in Paragraph 47 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the *4AC* and, accordingly, denies such allegations.

"**F.    Defendant knows that its conduct is deceptive and illegal**."

48.    Paragraph 48 of the *4AC* contains mere legal argument and conclusions to which no response is required.

49.     Paragraph 49 of the *4AC* contains mere legal argument and conclusions to which no response is required.

50.     Paragraph 50 of the *4AC* contains mere legal argument and conclusions to which no response is required.

51.     Defendant denies the allegations in Paragraph 51 of the *4AC*.

"**G.     Plaintiffs were misled by Defendant's misrepresentations**."

"*Nea Vizcarra*"

52.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the *4AC* and, accordingly, denies such allegations.

53.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the *4AC* and, accordingly, denies such allegations.

54.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the *4AC* and, accordingly, denies such allegations.

55.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the *4AC* and, accordingly, denies such allegations.

56.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the *4AC* and, accordingly, denies such allegations.

"*Valerie Inez*"

57.     No response is required to Paragraph 57 of the *4AC* because Inez has dismissed her claims without prejudice.

58.     No response is required to Paragraph 58 of the *4AC* because Inez has dismissed her claims without prejudice.

59.     No response is required to Paragraph 59 of the *4AC* because Inez has dismissed her claims without prejudice.

60.     No response is required to Paragraph 60 of the *4AC* because Inez has dismissed her claims without prejudice.

61.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the *4AC* and, accordingly, denies such allegations.

62.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the *4AC* and, accordingly, denies such allegations.

"**H.    Defendant breached its contract**."

63.    Paragraph 63 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 63 of the *4AC*.

64.    Paragraph 64 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 64 of the *4AC*.

65.    Paragraph 65 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 65 of the *4AC*.

66.    No response is required to Paragraph 66 of the *4AC* because Inez has dismissed her claims without prejudice.

67.    Paragraph 67 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 67 of the *4AC*.

68.    Paragraph 68 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 67 of the *4AC*.

69.    Paragraph 69 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 67 of the *4AC*.

"**I.    No adequate remedy at law**."

70.    Defendant admits that Vizcarra purports to seek damages and, in the alternative, restitution but denies that Vizcarra is entitled to either.  The second sentence of Paragraph 70 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent

1    that a response is required, Defendant denies the allegations in the second sentence of Paragraph 70

2    of the *4AC*.

3    71.    Paragraph 71 of the *4AC* contains mere legal argument and conclusions to which no

4    response is required.  To the extent that a response is required, Defendant lacks knowledge and

5    information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the *4AC*

6    and, accordingly, denies such allegations.

7    72.    The first sentence of Paragraph 72 of the *4AC* contains mere legal argument and

8    conclusions to which no response is required.  To the extent that a response is required, Defendant

9    denies the allegations in the second sentence of Paragraph 72 of the *4AC*.  Defendant lacks

10   knowledge and information sufficient to form a belief as to the truth of the allegations in the second

11   and third sentences of Paragraph 72 of the *4AC* and, accordingly, denies such allegations.

12   "**V.    Class action allegations**."

13   73.    Defendant admits that Vizcarra purports to bring this action on behalf of the

14   "Nationwide Class" and "California Subclass" described in Paragraph 73 of the *4AC* but denies that

15   any putative class as noted in the sub-bullets to Paragraph 73 is appropriate, legally cognizable, or

16   certifiable.

17   74.    Defendant admits that Vizcarra purports to exclude the persons and entities described

18   in Paragraph 74 of the *4AC* from "Nationwide Class" and "California Subclass" described in

19   Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or

20   certifiable.

21   "***Numerosity & Ascertainability***"

22   75.    Paragraph 75 of the *4AC* contains mere legal argument and conclusions to which no

23   response is required.  To the extent that a response is required, Defendant lacks knowledge or

24   information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the *4AC*,

25   and, accordingly, denies such allegations.

26   76.    Defendant lacks knowledge and information sufficient to form a belief as to the truth

27   of the allegations Paragraph 76 of the *4AC* and, accordingly, denies such allegations.

28

"***Predminance of Common Questions***"

77.     Paragraph 77 of the *4AC* contains mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the *4AC*, and, accordingly, denies such allegations.

"***Typicality & Adequacy***"

78.     Paragraph 78 of the *4AC* contains mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the *4AC*, and, accordingly, denies such allegations.

"***Superiority***"

79.     Paragraph 79 of the *4AC* contains mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the *4AC*, and, accordingly, denies such allegations.

"**VI.    Claims.**"

"**<u>First Cause of Action</u>**:

**Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500  & 17501 et seq.**

**(By Plaintiffs and the California Subclass)**"

80.     Defendant incorporates by this reference its responses to Paragraphs 1 through 79 of the *4AC*.

81.     Defendant admits that Vizcarra purports to bring the First Cause of Action on behalf of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative California Subclass is appropriate, legally cognizable, or certifiable.

82.     Paragraph 82 of the *4AC* contains mere legal argument and conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the *4AC*.

83.     Paragraph 83 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the *4AC*.

84.     Defendant denies the allegations in the first, second, and third sentences of Paragraph 84 of the *4AC*.  The fourth sentence of Paragraph 84 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 84 of the *4AC*, and, accordingly, denies such allegations.

85.     Defendant denies the allegations in Paragraph 85 of the *4AC*.

86.     Paragraph 86 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 86 of the *4AC*.

87.     Defendant denies that it made any misrepresentations as alleged.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of the *4AC*, and, accordingly, denies such allegations.

88.     Defendant denies that it made any misrepresentations as alleged.  The remaining allegations in Paragraph 88 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the *4AC*, and, accordingly, denies such allegations.

89.     Defendant denies that it made any misrepresentations as alleged.  The remaining allegations in Paragraph 89 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 of the *4AC*, and, accordingly, denies such allegations.

90.     Paragraph 90 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 90 of the *4AC*.

"<u>Second Cause of Action</u>:

**Violation of California's Consumer Legal Remedies Act**

**(By Plaintiffs and the California Subclass)"**

91.    Defendant incorporates by this reference its responses to Paragraphs 1 through 90 of the *4AC*.

92.    Defendant admits that Vizcarra purports to bring the Second Cause of Action on behalf of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or certifiable.

93.    Paragraph 93 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the *4AC*, and, accordingly, denies such allegations.

94.    Paragraph 94 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the *4AC*, and, accordingly, denies such allegations.

95.    Paragraph 95 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 95 of the *4AC*.

96.    Paragraph 96 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 96 of the *4AC*.

97.    Paragraph 97 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 97 of the *4AC*.

98.    Paragraph 98 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 98 of the *4AC*.

99.     Paragraph 99 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 99 of the *4AC*.

100.     Paragraph 100 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 100 of the *4AC*.

101.     Paragraph 101 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 101 of the *4AC*.

102.     Defendant denies that it made any misrepresentations as alleged.  The remaining allegations in Paragraph 102 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the *4AC*, and, accordingly, denies such allegations.

103.     Defendant denies that it made any misrepresentations as alleged.  The remaining allegations in Paragraph 103 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the *4AC*, and, accordingly, denies such allegations.

104.     Defendant denies that it made any misrepresentations as alleged.  The remaining allegations in Paragraph 104 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 104 of the *4AC*.

105.     The allegations in Paragraph 105 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the *4AC*, and, accordingly, denies such allegations.

106.    Defendant admits that Vizcarra purports to seek injunctive relief on behalf of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that Vizcarra or any putative class members are entitled to any such relief.

107.    Defendant admits that Vizcarra sent a letter dated January 25, 2023 to Defendant and that Vizcarra purports to seek the relief identified in Paragraph 107 of the *4AC*.  The remaining allegations in Paragraph 107 of the *4AC* a mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 107 of the *4AC*.

108.    No response is required to Paragraph 108 of the *4AC* because Inez has dismissed her claims without prejudice.

109.    Defendant admits that two "CLRA Venue Declaration[s]" were filed with the *4AC* as ECF Nos. 67-2 and 67-3.  Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the *4AC*, and, accordingly, denies such allegations.

**"Third Cause of Action**:

**Violation of California's Unfair Competition Law**

**(By Plaintiffs and the California Subclass)"**

110.    Defendant incorporates by this reference its responses to Paragraphs 1 through 109 of the *4AC*.

111.    Defendant admits that Vizcarra purports to bring the Third Cause of Action on behalf of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or certifiable.

112.    Paragraph 112 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 112 of the *4AC*.

"***The Unlawful Prong***"

113.     Paragraph 113 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 113 of the *4AC*.

"***The Deceptive Prong***"

114.     Paragraph 114 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 114 of the *4AC*.

115.     Defendant denies that it made misleading representations as alleged.  Paragraph 115 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the *4AC*, and, accordingly, denies such allegations.

116.     Defendant denies that it made any misleading representations or omissions as alleged.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the *4AC*, and, accordingly, denies such allegations.

"***The Unfair Prong***"

117.     Paragraph 117 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 117 of the *4AC*.

118.     Paragraph 118 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 118 of the *4AC*.

119.     Defendant denies that Vizcarra was harmed, that it made any misrepresentations as alleged or that Vizcarra, the "subclass," or "competition" were harmed.  The remaining allegations in Paragraph 119 of the *4AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 of the *4AC*, and, accordingly, denies such allegations.

120.    The allegations in Paragraph 120 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the *4AC*, and, accordingly, denies such allegations.

121.    Paragraph 121 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 121 of the *4AC*.

122.    Paragraph 122 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the *4AC*, and, accordingly, denies such allegations.

123.    Paragraph 123 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the *4AC*, and, accordingly, denies such allegations.

124.    Defendant denies that Vizcarra or the "subclass" have suffered "damages and losses" caused by Defendant.  The remaining allegations in Paragraph 124 of the *4AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124 of the *4AC*, and, accordingly, denies such allegations.

125.    Defendant denies that Vizcarra or the "subclass" were injured or that they overpaid for any "Products."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 of the *4AC*, and, accordingly, denies such allegations.

"**<u>Fourth Cause of Action</u>**:

**Breach of Contract**

**(By Plaintiffs and the Nationwide Class)**"

126.    Defendant incorporates by this reference its responses to Paragraphs 1 through 125 of the *4AC*.

127.    Defendant admits that Vizcarra purports to bring the Fourth Cause of Action on behalf of herself and the "National Class" described in Paragraph 73 of the *4AC* or, in the alternative, the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or certifiable.

128.    Paragraph 128 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the *4AC*, and, accordingly, denies such allegations.

129.    Paragraph 129 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the *4AC*, and, accordingly, denies such allegations.

130.    Paragraph 130 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the *4AC*, and, accordingly, denies such allegations.

131.    Paragraph 131 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 131 of the *4AC*.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the *4AC* that Vizcarra "and class members paid Defendant for the Products they purchased," and, accordingly, denies such allegations.  The remaining allegations

in Paragraph 132 of the *4AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 of the *4AC*, and, accordingly, denies such allegations.

133.    Paragraph 133 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 133 of the *4AC*.

134.    Paragraph 134 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 134 of the *4AC*.

**"<u>Fifth Cause of Action</u>:**

**Breach of Express Warranty**

**(By Plaintiffs and the California Subclass)"**

135.    Defendant incorporates by this reference its responses to Paragraphs 1 through 134 of the *4AC*.

136.    Defendant admits that Vizcarra purports to bring the Fifth Cause of Action on behalf of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or certifiable.

137.    Paragraph 137 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 137 of the *4AC*.

138.    Paragraph 138 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 138 of the *4AC*.

139.    Paragraph 139 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 139 of the *4AC*.

140.     Paragraph 140 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the *4AC*, and, accordingly, denies such allegations.

141.     No response is required to Paragraph 141 of the *4AC* because Inez has dismissed her claims without prejudice.

142.     Paragraph 142 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 142 of the *4AC*.

**"Sixth Cause of Action**:

**Breach of Implied Warranty**

**(By Plaintiffs and the California Subclass)"**

143.     Defendant incorporates by this reference its responses to Paragraphs 1 through 142 of the *4AC*.

144.     Defendant admits that Vizcarra purports to bring the Sixth Cause of Action on behalf of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or certifiable.

145.     Paragraph 145 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 145 of the *4AC*.

146.     Paragraph 146 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 146 of the *4AC*.

147.     Paragraph 147 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 147 of the *4AC*.

148.     Paragraph 148 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the *4AC*, and, accordingly, denies such allegations.

149.    No response is required to Paragraph 149 of the *4AC* because Inez has dismissed her claims without prejudice.

150.    Paragraph 150 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 150 of the *4AC*.

**"Seventh Cause of Action**:

**Quasi-Contract/Unjust Enrichment**

**(By Plaintiffs and the Nationwide Class)"**

151.    Defendant incorporates by this reference its responses to Paragraphs 1 through 149 of the *4AC*.

152.    Defendant admits that Vizcarra purports to bring the Seventh Cause of Action on behalf of herself and the "National Class" described in Paragraph 73 of the *4AC* or, in the alternative, the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or certifiable.

153.    Defendant denies that it has engaged in any false or misleading advertising or made any misrepresentations as alleged.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 of the *4AC*, and, accordingly, denies such allegations.

154.    Paragraph 154 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 154 of the *4AC*.

155.    Paragraph 155 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 155 of the *4AC*.

156.    Paragraph 156 of the *4AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 156 of the *4AC*.

157.    Defendant admits that Vizcarra and the "class" purport to seek restitution but denies that Vizcarra or any putative class are entitled to any such relief.

**"Eighth Cause of Action:**

**Negligent Misrepresentation**

**(By Plaintiffs and the California Subclass)"**

158.    Defendant incorporates by this reference its responses to Paragraphs 1 through 157 of the *4AC*.

159.    Defendant admits that Vizcarra purports to bring the Eighth Cause of Action on behalf of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any putative class is appropriate, legally cognizable, or certifiable.

160.    Defendant denies the allegations in Paragraph 160 of the *4AC*.

161.    Defendant denies the allegations in Paragraph 161 of the *4AC*.

162.    Defendant denies the allegations in Paragraph 162 of the *4AC*.

163.    Defendant denies that it made any misrepresentations as alleged.  The remaining allegations in Paragraph 163 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 163 of the *4AC*.

164.    Defendant denies that it made any misrepresentations as alleged.  The remaining allegations in Paragraph 164 of the *4AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164 of the *4AC*, and, accordingly, denies such allegations.

165.    Defendant denies that it made any misrepresentations as alleged or that Vizcarra and the "subclass" members suffered "damages and losses."  The remaining allegations in Paragraph 165 of the *4AC* contain mere legal argument and conclusions to which no response is required.  To

1   the extent that a response is required, Defendant denies the remaining allegations in Paragraph 165

2   of the *4AC*.

3        166.    Defendant denies that it made any false representations or misrepresentations as

4   alleged or that Vizcarra or the "subclass" members were injured or "overpaid" for any products.

5   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining

6   allegations in Paragraph 166 of the *4AC*, and, accordingly, denies such allegations.

7                        "**Ninth Cause of Action**:

8                     **Intentional Misrepresentation**

9                 **(By Plaintiffs and the California Subclass)"**

10       167.    Defendant incorporates by this reference its responses to Paragraphs 1 through 166

11  of the *4AC*.

12       168.    Defendant admits that Vizcarra purports to bring the Ninth Cause of Action on behalf

13  of herself and the "California Subclass" described in Paragraph 73 of the *4AC* but denies that any

14  putative class is appropriate, legally cognizable, or certifiable.

15       169.    Defendant denies the allegations in Paragraph 169 of the *4AC*.

16       170.    Defendant denies the allegations in Paragraph 170 of the *4AC*.

17       171.    Defendant denies the allegations in Paragraph 171 of the *4AC*.

18       172.    Defendant denies that it made any misrepresentations as alleged.  The remaining

19  allegations in Paragraph 172 of the *4AC* are mere legal argument and conclusions to which no

20  response is required.  To the extent that a response is required, Defendant denies the remaining

21  allegations in Paragraph 172 of the *4AC*.

22       173.    Defendant denies that it made any misrepresentations as alleged.  The remaining

23  allegations in Paragraph 173 of the *4AC* are mere legal argument and conclusions to which no

24  response is required.  To the extent that a response is required, Defendant denies the remaining

25  allegations in Paragraph 173 of the *4AC*.

26       174.    Defendant denies that it made any misrepresentations as alleged or that Vizcarra and

27  the "subclass" members suffered "damages and losses."  The remaining allegations in Paragraph

28  174 of the *4AC* contain mere legal argument and conclusions to which no response is required.  To

1  the extent that a response is required, Defendant denies the remaining allegations in Paragraph 174

2  of the *4AC*.

3          175.    Defendant denies that it made any false representations or misrepresentations as

4  alleged or that Vizcarra or the "subclass" members were injured or "overpaid" for any products.

5  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining

6  allegations in Paragraph 175 of the *4AC*, and, accordingly, denies such allegations.

7  "**VII.   Relief.**"

8          176.    Defendant denies that Vizcarra and the putative classes are entitled to any relief

9  whatsoever including the relief requested in the *4AC*.

10 "**VIII.  Demand for Jury Trial.**"

11         177.    Defendant admits that Vizcarra purports to demand a jury trial on all claims so

12 triable, but denies that any of Vizcarra's claims should go to a jury.  No response is required to

13 Inez's allegations in Paragraph 177 of the *4AC* because Inez has dismissed her claims without

14 prejudice.

15                              **AFFIRMATIVE DEFENSES**

16         Without assuming a burden that it otherwise would not have, Defendant asserts the following

17 defenses, affirmative or otherwise, in response to the claims asserted in the above-styled dispute.

18 Defendant's investigation of facts and circumstances surrounding the subject matter of this dispute

19 is ongoing; as such, Defendant reserves its right to amend, modify, revise, or supplement its *Answer*

20 *to Fourth Amended Class Action Complaint*, and to plead such further defenses and take such further

21 actions as it may deem proper and necessary in its defense upon the completion of said investigation,

22

23 as well as discovery in this matter.

24                              **FIRST AFFIRMATIVE DEFENSE**

25                              (*Lack of Subject Matter Jurisdiction*)

26         1.      The Court lacks subject matter jurisdiction over the claims asserted in the *4AC*.

27

28

## SECOND AFFIRMATIVE DEFENSE

*(Failure To State A Claim)*

2.    The *4AC* fails to state facts sufficient to constitute a claim for relief against Defendant.

## THIRD AFFIRMATIVE DEFENSE

*(Lack of Standing)*

3.    Vizcarra lacks standing to pursue their purported claims and/or seek the relief sought by the *4AC*.

## FOURTH AFFIRMATIVE DEFENSE

*(Statute of Limitations)*

4.    The *4AC* is barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

*(Laches)*

5.    The *4AC* is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

*(Safe Harbor)*

6.    Defendant's conduct is protected by the safe harbor recognized in *Alvarez v. Chevron Corp.*, 656 F.3d 925 (9th Cir. 2011).

## SEVENTH AFFIRMATIVE DEFENSE

*(Fair Competition/Business Economic Justification)*

7.    Vizcarra's claims, and/or those of the putative classes, are barred, in whole or in part, because the conduct alleged in the *4AC* constituted fair competition, and was reasonable, based on independent and legitimate business and economic justifications, and without the purpose, intent, or effect of injuring Vizcarra or the putative classes.

## EIGHTH AFFIRMATIVE DEFENSE

*(No Damages)*

8.    Vizcarra and the putative classes did not suffer any damages and are not otherwise entitled to any monetary restitution because of any action taken by Defendant.

### NINTH AFFIRMATIVE DEFENSE

(*Lack of Causation*)

9.    Any damages that Vizcarra or the putative classes may have suffered were not directly or proximately caused, in whole or in part, by Defendant, and must be decreased to the extent the acts or omissions of Vizcarra, the putative classes, or any third party were the cause of those damages.

### TENTH AFFIRMATIVE DEFENSE

(*This Action Is Not Appropriate For Class Treatment*)

10.    Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because Vizcarra in not an adequate representative, Vizcarra's claims are not typical of the claims of the putative classes she purports to represent, the putative classes are not ascertainable, common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of resolving the controversy, and a class action would be unmanageable.

### ELEVENTH AFFIRMATIVE DEFENSE

(*Waiver*)

11.    Vizcarra's claims, and those of the putative classes, are barred in whole or in part by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

(*Estoppel*)

12.    Vizcarra's claims, and those of the putative classes, are barred in whole or in part by the doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

(*Adequate Remedy At Law*)

13.    Vizcarra and the putative classes have adequate remedies at law so resort to equitable relief is inappropriate.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(*Failure to Mitigate*)

14.     Vizcarra's and the putative classes' claims are barred in whole or in part because Vizcarra and the putative classes failed to take reasonable steps to mitigate or prevent the alleged harm, if any.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*Set-Off*)

15.     The claims of Vizcarra and/or the putative classes are subject to set-off of the reasonable value of goods and services that Vizcarra and the putative classes have received from Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(*Unclean Hands*)

16.     The claims of Vizcarra and/or the putative classes are barred by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(*Comparative Fault*)

17.     The claims of Vizcarra and/or the putative classes are barred to the extent the negligence or fault of a nonparty tortfeasor was a substantial factor in causing the harm alleged.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(*Bona Fide Error*)

18.     The claims of Vizcarra and/or the putative classes are barred, in whole or in part, because any violation of law was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

**NINETEENTH AFFIRMATIVE DEFENSE**

(*Arbitration Agreement*)

19.     The claims of Vizcarra and/or the putative classes are barred in whole or in part, or are not within the jurisdiction of this Court, because they are subject to agreement(s) to arbitrate with Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

(*Additional Defenses*)

20.    Defendant reserves the right to plead further pending discovery, if any, and to assert all other defenses which are available under the Federal Rules of Civil Procedure and all applicable statutes and laws.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Defendant and the putative classes take nothing by this action;

2.    That a judgment of dismissal be entered in favor of Defendant and against Vizcarra and the putative classes;

3.    That Defendant be awarded its costs of suit; and

4.    That Defendant be awarded such other and further relief as the Court deems just and proper.

*Respectfully submitted*,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: May 7, 2024          By _____
                                            */s/ Benjamin O. Aigboboh*
                                    P. CRAIG CARDON
                                    BENJAMIN O. AIGBOBOH
                                    CHLOE G. CHUNG
                                    TYLER E. BAKER

                                    *Attorneys for Defendant*
                                    MICHAELS STORES, INC.

SMRH:4870-3111-9525.7