UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEA VIZCARRA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>MICHAELS STORES, INC.,<br><br>   Defendant. | Case No. 23-cv-00468-NW<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE CERTAIN OPINIONS**<br><br>Re: ECF Nos. 98, 99 |

Plaintiff Nea Vizcarra, on behalf of herself and others similarly situated, ("Plaintiffs") initiated this action against Michaels Stores, Inc. ("Defendant") on February 1, 2023 ("Compl."), ECF No. 1, and filed a motion for class certification on November 15, 2024. ECF No. 83. Plaintiffs filed two expert reports in support of their motion for class certification. ECF Nos. 83-4, 83-5. Defendant filed two *Daubert* motions to exclude certain opinions of Plaintiffs' two experts: Bruce G. Silverman, ECF No. 98 ("Silverman *Daubert* Mot."), and Colin B. Weir, ECF No. 99 ("Weir *Daubert* Mot."). Plaintiffs opposed the *Daubert* motions, and Defendant replied. ECF Nos. 108, 109, 113, 114.

Having considered parties' briefing and the relevant legal authority, the Court finds this matter suitable for resolution without oral argument, *see* Civil Local Rule 7-1(b), and VACATES the hearing set for June 9, 2025. The Court DENIES without prejudice both of Defendant's *Daubert* motions.

**I.   BACKGROUND**

The Court previously summarized Plaintiffs' allegations in its prior order denying in part Defendant's motion to dismiss. *See* ECF No. 56. Plaintiffs' allegations remain largely unchanged and are not repeated here.

## II. LEGAL STANDARD

Under Rule 702 of the Federal Rules of Evidence, a witness may offer expert testimony if the following requirements are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Expert testimony is admissible under Rule 702 if the court finds by a preponderance of the evidence that the expert is qualified and the testimony is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004). Rule 702 "contemplates a broad conception of expert qualifications." *Hangarter*, 373 F.3d at 1015. "An expert's specialized knowledge and experience can serve as the requisite 'facts or data' on which they render an opinion." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022).

"In evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*." *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020) (internal quotations and modifications omitted). Under *Daubert*, expert testimony is admissible if it is both relevant and reliable. *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017). Expert testimony is relevant if it "will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (citing *Daubert*, 509 U.S. at 591-92). "The evidence must logically advance a material aspect of the party's case." *Id.* (citation omitted). Expert testimony "is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (footnote omitted).

At class certification, "the relevant inquiry is a tailored *Daubert* analysis which scrutinizes the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Id.* The inquiry, therefore, does not end at admissibility. *Sali v. Corona*

1  *Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018).  "[E]ven if the evidence is admissible, the
2  district court must then evaluate its persuasiveness during the class certification analysis."  *Stiner*
3  *v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1168 (N.D. Cal. 2023) (citing *Ellis v.*
4  *Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)).

## III. DISCUSSION

Defendant concedes that Silverman and Weir are qualified to be experts, *see* Silverman *Daubert* Mot. at 1 and Weir *Daubert* Mot. at 1, but filed two motions to exclude certain of their opinions.  ECF Nos. 98, 99.  The Court finds that at this point in the proceedings, Silverman's and Weir's opinions should not be excluded.

### A. Opinions of Expert Bruce G. Silverman

Silverman is the "owner and manager of Silverman Consulting LLC, an advertising and branding firm," and has spent of 50 years "working at the highest levels in the 'real world' of marketing and advertising."  ECF No. 83-4, ¶ 14.  Silverman was asked to provide testimony about: how advertisements that represent ongoing sales or that have "valid through" dates influence consumer purchasing behavior; whether Michaels' advertised coupon discounts would be important to a reasonable consumer; and whether, assuming Plaintiffs' allegations are true, a significant portion of Defendant's consumers would likely be misled by Defendant's advertising practice.  *Id.* ¶ 9.

Defendant asks the Court to exclude two sets of Silverman's opinions: (1) opinions related to whether certain discounts are misleading to reasonable consumers, *Id.* ¶¶ 39, 76, 77, 79 ("Misleading to Consumers Opinions"), and (2) opinions related to whether Defendant's Coupon Discount practice would be important to a reasonable consumer, *Id.* ¶¶ 40, 71 ("Michaels-Specific Opinions").

#### 1. Misleading to Consumers Opinions

Defendant argues that Silverman's Misleading to Consumers Opinions should be excluded because they opine on ultimate issues of law.  Specifically, Defendant asks for the following opinions to be excluded:

> 39. Assuming Plaintiff's allegations regarding Defendant's Coupon

> Discounts are true, it is probable that a significant portion of Defendant's general consuming public, acting reasonably in the circumstances, would likely be misled.
>
> 76. If, as Plaintiff alleges, at least a 20% Coupon Discount is always available, these discounts are not time limited, and the Coupon Discounts are likely to mislead a reasonable consumer.
>
> 77. To be sure, Plaintiff alleges that sometimes the Coupon Discount is for a greater amount (e.g., 30% or 40%), and this full amount (e.g., the full 30%) is not always available. But most of the discount (20%) is always available, so this is similarly misleading in that the 20% component is not time limited.
>
> 79. If Plaintiff's allegations are true, that would mean that the sale price is nothing more than the everyday regular price that most consumers (more than half) pay. In my opinion, a reasonable consumer would therefore be deceived and misled by Defendant's advertisements, since the item's true regular, former, and usual price is no better than the "sale" price. Consumers would not be getting the deal they believed they were getting by taking advantage of Defendants limited-time offer. Rather, they were paying the full, regular price.

Silverman *Daubert* Mot. at 7-8.

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704; *see also Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014). "[E]xpert witnesses may give an opinion that 'embraces an ultimate issue to be decided by the trier of fact,' but 'cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *In re Northrop Grumman ERISA Litig.*, 2017 WL 11685251, at *3 (C.D. Cal. Mar. 3, 2017) (citing *Hangarter*, 373 F.3d at 1016) (emphasis in original). Silverman does not opine on any legal issues, so there is no reason to exclude his proffered testimony on those grounds.

The Court denies without prejudice Defendant's motion to exclude Silverman's Misleading to Consumers Opinions.

### 2. Michaels-Specific Opinions

Defendant argues that Silverman's Michaels-Specific Opinions should be excluded because they (1) exceed the scope of Silverman's expertise, (2) are not the product of any reliable principles and methods, and (3) invade the province of the jury. Defendant asks for the following

4

opinions to be excluded:

> 40. In particular, in my opinion, a reasonable consumer would understand that the Coupon Discount promotional messaging described and shown in the Fourth Amended Complaint would convey that Defendant's Products (the "Products") usually retail for the "regular" list prices featured on Defendant's website and in stores (the "Regular Prices"), and that those are the prices that consumers would have had to pay to buy Defendant's Products before the advertised sale began (and after it ends). Further, reasonable consumers would understand Defendant's promotional messaging to mean that they could receive a discount off of those regular and former prices (the prices that a majority of consumers pay), and therefore pay prices lower than the Regular Prices (the "Sale Prices") by purchasing during the limited time that the sale was ongoing (the "Promotional Period"). In other words, reasonable consumers would believe, based on Defendant's advertisements, that they are getting a real discount when (assuming the allegations are true) they are not.
>
> 71. That is why Defendant's Coupon Discount claims would be important to a reasonable consumer in deciding whether to purchase one or more of Michaels products. Instead of a product being one she or he could live without, it becomes perfectly okay to buy because they are getting it at what they believe to be a substantial discount (at least 20%). In other words, the deal a reasonable consumer thinks they are getting is more than just an item for a listed price – it is an item for a supposedly discounted price that is substantially less than the regular price. Consumers reasonably expect to get an item worth the regular price, but for less. And this supposed discount is an important and attractive part of the deal. That is also why the ads (on search engines as well as on Defendant's webpage) at issue in this matter would, in my opinion, be quite effective.

Silverman *Daubert* Mot. at 8.

### a.   Scope

Defendant argues that the Court should exclude Silverman's opinions because they exceed his expertise. The Court disagrees. Defendant specifically challenges whether Silverman's advertising experience provides a sufficient foundation to offer specific opinions about Michaels, Michaels' customers, or the coupon discount at issue in the case, without having conducted consumer surveys. *Id*. at 11. As an expert, Silverman is allowed to make certain factual assumptions within his opinions. *See* Fed. R. Evid. 702, advisory committee notes to 2000 amendments ("The language 'facts or data' is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence."). Silverman's opinions are sufficiently based in his experience in the advertising industry, and he is permitted to rely on hypotheticals

5

supported by evidence. *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022).

### b.  Reliable Principles and Methods

Defendant argues that Silverman has "not employed any reliable methodology for reaching those opinions, instead rel[y]ing on non-empirical assumptions." Silverman *Daubert* Mot. at 13. This argument from Defendant goes to the weight, not the admissibility, of Silverman's opinions. *Hangarter*, 373 F.3d at 1017 n.14 (quoting *Children's Broad. Corp. v. Walt Disney Co.,* 357 F.3d 860, 865 (8th Cir. 2004)) ("[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."); *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (trial court is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable"); *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1237 (9th Cir. 2017) ("Where, as here, the experts' opinions are not the 'junk science' Rule 702 was meant to exclude, the interests of justice favor leaving difficult issues in the hands of the jury and relying on the safeguards of the adversary system—vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof—to attack[ ] shaky but admissible evidence.") (internal citations and quotations omitted). The Court is persuaded that Silverman's opinions are adequately based upon his extensive personal knowledge and experience.

### c.  Province of the Jury

Defendant argues that the facts Silverman relies upon could be just as effectively analyzed by a jury. Silverman *Daubert* Mot. at 11. However, "[e]xpert testimony is properly admissible when it serves to assist the trier of fact in understanding the evidence or determine a fact in issue." *United States v. Kuiken*, 198 F. App'x 643, 646 (9th Cir. 2006); *Daubert*, 509 U.S. at 597; *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014) ("The judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." (quotations omitted) (citing *Alaska Rent-A-Car*, 738 F.3d at 969). Defendant has not shown how Silverman's opinions will invade the province of the jury. Further, the class has not been certified in this case. If the class is certified, and if, prior to

trial, the parties revive these or other *Daubert* issues, the Court will consider the merits of those motions at that time.

The Court DENIES without prejudice Defendant's motion to exclude certain opinions of Silverman.

### B. Opinions of Expert Colin B. Weir

Weir is the "President at Economics and Technology, Inc," a "research and consulting firm specializing in economics, statistics, regulation and public policy." ECF No. 83-5 at 2. Weir was asked to "ascertain whether it would be possible to calculate damages arising from Plaintiffs' theories of liability on a class-wide basis using common evidence, and if so, to provide a framework for the calculation of damages suffered by the proposed class of consumers as a result of the Deceptive Coupon Discounts." *Id*. ¶ 7. In his report, Weir opines that it is possible to determine class-wide damages using three damages theories, one of which is a conjoint analysis. *Id*. ¶ 10. Weir "propose[s] to calculate Price Premium Damages using conjoint analysis (wherein consumers would receive the difference in value between what they paid and the value of what they received that is solely attributable to Defendant's challenged conduct)." *Id*. ¶ 12.

Defendant asks the Court to exclude Weir's opinions that rely upon his conjoint methodology on the grounds that they (1) are novel and unreliable, (2) ignore critical inputs, and (3) fail to properly account for supply-side factors. Defendant seeks to exclude all of Weir's conjoint opinions. Weir *Daubert* Mot. at 3.

The Court concludes that Defendant has not shown that Weir's opinions are subject to exclusion at this stage of the litigation. Each of Defendant's objections to Weir's opinions based on his conjoint analysis go to the weight to be given to Weir's opinions, and not their admissibility. *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010) (holding that criticisms as to "issues of methodology, survey design, reliability, . . . [and] critique of conclusions" "go to the weight of the survey rather than its admissibility") (citation and internal quotation marks omitted); *see also Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1036 (C.D. Cal. 2018) (holding that criticisms based on expert's survey methodology, such as omitting a control group and asking suggestive or vague

questions, go to the weight, not the admissibility, of the expert's survey). Again, if the class is certified, and if, prior to trial, the parties revive these or other *Daubert* issues, the Court will consider the merits of those motions at that time.

Accordingly, the Court DENIES without prejudice Defendant's motion to exclude certain opinions of Weir.

## IV. CONCLUSION

The Court DENIES without prejudice Defendant's motions to exclude certain opinions of Silverman and Weir, ECF Nos. 98, 99.

**IT IS SO ORDERED.**

Dated: June 2, 2025

Noël Wise
United States District Judge